Judgment reversed.

---

## BROWN AND HOTCHKISS *against* COOK.

A constable having taken goods on an execution against B. delivered them to C., who gave a receipt for them, promising to deliver them to the constable on demand. The constable suffered the execution to expire, without making any demand of the goods. In an action brought by the constable against C., it was held, that he was a mere naked bailee, and that no action would lie against him, until after a demand and refusal of the goods; and that the constable not having demanded the goods, and levied the amount of the execution, by a sale of them, within the thirty days, had lost, by his neglect, all claim and title to the possession of the goods.

IN ERROR, on *certiorari*, from a justice's court. *Cook* brought an action against *Brown* and *Hotchkiss*, before the justice, and declared on a receipt given by the defendants to him, for a pair of horses, the property of *Jedediah Chapman*, which the plaintiff, as constable, had taken on an execution; and which horses had not been delivered to the plaintiff, when demanded, according to the tenor of the receipt, &c.

The receipt was proved by the plaintiff, and that the defendants, when the summons was served, confessed that they had given the receipt for the horses, but that the execution which the plaintiff held had run out, and the horses had been taken by another execution.

The receipt, dated the 20th *February*, 1811, referred to the execution for 27 dollars and 81 cents, and mentioned that the defendants had received of the plaintiff a pair of horses, the property of *Jedediah Chapman*, the person against whom the execution issued, which they promised " to deliver to the plaintiff on demand, at the house of Captain *Dewey*, in *Durham*." The execution was dated the 18th *February*, and had expired, but was renewed by the justice, on the 1st *April*. The justice gave judgment for the plaintiff, for 25 dollars.

*Adams*, for the plaintiff in error.

*Kirtland*, contra.

*Per Curiam*. The plaintiff below was bound to have shown a demand of the horses before suit brought. The defendants were naked bailees, and bound, upon demand, to produce the property, at the place specified in the receipt; but until a demand, there was

no default. There was no precedent debt or duty. The demand was parcel of the contract, and requisite to create the duty. There was, likewise, another fatal objection to the right of recovery. The constable having levied the goods upon the execution, within the twenty days, and delivered them over to the defendants, ought to have demanded the horses, and to have levied the amount of the execution, by the sale of them, within the thirty days. He neglected to do this, and suffered the execution to run out, and thereby lost all just claim and title to the possession of the horses.

Judgment reversed.