## SUPREME COURT.

### Isaac Hodgman agt. The Western Rail Road Corporation.

No authority is given by the Code to assign a *right of action,* which before was not assignable.

A right of action for personal injuries received by a collision of cars upon a Rail Road, is not assignable. The right to compensation or damages for such an injury can not be transferred. The action can only be maintained by the party who has been injured.

It is otherwise where the injury affects the *estate* of a party rather than the *person.*

*Albany Special Term, November* 1852. *Demurrer.* The plaintiff alleges that, on the 29th of October 1847, the defendants, for certain reasonable reward to them paid, undertook, as common carriers of persons and property, to carry and convey Amanda A. Hodgman from Worcester to Albany, and that she

then became a passenger on the defendants' cars, whereby it became the duty of the defendants safely and securely to carry her from Worcester to Albany, and to use all care and prudence in so doing. That while the said Amanda was so a passenger on the defendants' cars, the train, through the carelessness of the defendants, came in collision with another train moving in an opposite direction, by reason of which she was greatly bruised, wounded and injured in her chest and other parts of her body, and became, by reason thereof, sick and disabled and unable to attend to her business, and so continued for a long time, and has ever since suffered great pain and distress of body; and that she was compelled to expend large sums of money in and about endeavoring to be cured of her pain, sickness and disability. The complaint then states that Amanda Hodgman, on the 28th of December 1850, assigned her right of action against the defendants to the plaintiff, with power to collect, for his own use and benefit, whatever damages she may have sustained, or which may be awarded or adjudged to her for the injuries she had received. By reason whereof the plaintiff claims judgment against the defendants for the sum of ten thousand dollars.

The defendants demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, in favor of the plaintiff against the defendants; and they specify, as the particular cause of demurrer, that the cause of action set forth is not assignable so as to vest a right of action in the assignee.

S. H. HAMMOND, *for Plaintiff*.

DEXTER REYNOLDS, *for Defendants*.

HARRIS Justice.—At common law, no mere right of action was so assignable as to pass the *legal* right of the assignee—when it affected the *estate* of the assignor, though the legal right still remained in the assignor, so that the action must be prosecuted in his name, the court exercising *its* equity powers, would protect the rights of the assignee. The only change made by the Code, in this respect, is to transfer, with the beneficial interest, the right of action also, in those cases, where before the court would recognize and protect the rights of the assignee. No new

right of action is created; no authority is given to assign a right of action which before was not assignable.

When the right of action is of such a nature as not to be the subject of a contract, as in the case of a violation of personal or relative rights, it can not be assigned. The action can only be maintained by the party who has been injured, and when he dies the right of action also dies. Every right of action involving life, health or reputation, belongs to this class. So a right of action, founded upon a breach of promise of marriage, being in its nature a personal injury, can not be transferred. On the other hand, where the injury affects the *estate* rather than the *person*, where the action is brought for damage to the estate, and not for personal suffering, the right of action may be bought and sold. Such a right of action upon the death, bankruptcy or insolvency of the party injured, passes to the executor or assignee, as a part of his assets, because it affects his estate, and not his personal or relative rights. Of course, such a right of action is assignable, and, under the provisions of the Code, the assignee is the proper party to maintain the action upon it (The People vs. Tioga Common Pleas, 19 *Wend.* 73; 1 *Chitty's Pl.* 68; Chamberlain vs. Williamson, 2 *Maule & Sel.* 408; Robinson agt. Weeks, 6 *How. Pr. R.* 161; Flynn agt. The Hudson River Rail Road Co. 6 *id.* 308; Comeggs vs. Vasse, 1 *Peters* 213). In the latter case, STORY, J., says: "In general, it may be affirmed that mere personal *torts*, which die with the party, and do not survive to his personal representative, are not capable of passing by assignment; and that vested rights *ad rem* and *in re*, possibilities coupled with an interest, and claims growing out of and adhering to property, may pass by assignment."

In this case, the injury which constitutes the gravamen of the complaint was personal. The plaintiff, as assignee, seeks to recover damages for the personal suffering of another. The injury set forth in the complaint had no reference to the estate of the party injured. It merely affected her health and personal comfort. The right to compensation or damages for such an injury can not be transferred. It is, from its very nature, inalienable. The defendants must, therefore, have judgment upon the demurrer.