Hawk *v.* Thorn.

There is no legal foundation for the judgment in this case, and it should be reversed.

HAWK & RUNYON *vs.* THORN & MARCLAY.

Where one has unlawfully taken possession of another's property, the tort may be waived, and an action brought for its value.

Such a cause of action is assignable.

A complaint alleged the sale and delivery to the defendants, by the plaintiffs, of a couple of hogs, at a specified price, which remained unpaid; and, for a separate and distinct cause of action, stated that the defendants received and took without rightful authority, one calf, which had been consigned to the plaintiffs by a third person, who was the owner thereof; that they sold the same without authority, and received therefor a sum named, which was the value of the calf; and that the claim and demand for the value of said calf had been assigned to the plaintiffs by the owner. *Held*, on demurrer, that both causes of action were founded on contract; the one express, and the other implied by law; and were properly joined.

APPEAL by the defendants from an order made at a special term, overruling a demurrer to the complaint.

Hawk *v.* Thorn.

The complaint alleged that on or about the 23d day of January, 1866, at New York, the plaintiffs sold and delivered to the defendants, certain goods, consisting of two hogs weighing 680 pounds, of the value and at the price of twelve cents per pound, and nine other hogs weighing 2497 pounds, of the value and at the price of twelve and a half cents per pound, amounting in all to $393.73; that the defendants had not paid for said goods, and the sum of $42.73, with interest since January 23, 1866, was still due and owing by the defendants to the plaintiffs on account of said goods.

And for a second separate and distinct cause of action, the complaint showed that, on or about the 19th day of April, 1866, at New York, the defendants received and took, without rightful authority, one calf, which had been consigned to the plaintiffs by S. P. Gillingham, who was the owner thereof. That the defendants sold the same without authority, and received therefor the sum of $19.80, or about that sum, which was the value of said calf. That thereupon a cause of action and demand for the sum of money received by the defendants for said calf, which was the fair price and value thereof, accrued to said Gillingham against the defendants. That on or about the 19th day of April, 1866, the said Gillingham, for a good and sufficient consideration, duly sold, assigned, transferred and delivered said claim and demand against said defendants to the plaintiffs, who are now the lawful owners and holders thereof, and the sum of $19.80, besides interest, is now justly due and owing on account thereof by defendants to plaintiffs. That the defendants had promised to pay said claim and demand, but have hitherto neglected to pay the same, and said claim is wholly unpaid. That at said times, before referred to in the complaint, the plaintiffs were copartners, in the name of Hawk & Runyon, and the defendants were copartners, in the name of Thorn & Marclay. That before the commencement of this action the

plaintiffs demanded from the defendants payment of each of the claims above set forth, and payment thereof was not made. Wherefore the plaintiffs demanded judgment against said defendants for the sum of $62.39, with interest.

The defendants demurred to the complaint, on the ground that it appears upon the face thereof that several causes of action have been improperly united—one being a money demand on contract, and the second an action of trover sounding in tort, to recover damages for wrongful conversion. And the defendants demurred to the second cause of action set forth in said complaint, and assigned the following as the ground of such demurrer: 1. That the complaint does not state facts sufficient to constitute a cause of action. 2. That such a cause of action, being a tort, is not assignable in law.

*Robert N. Waite*, for the appellants. I. The causes of action, being based one in tort and the other in contract, are improperly united in one suit. (*Code*, § 167. *Waller* v. *Raskan*, 12 *How. Pr.* 30. *Hunter* v. *Powell*, 15 *id.* 223.) It must be conceded that causes of action arising out of different transactions must be of one of the classes enumerated in sec. 167, and that one cause for contract and one for tort, cannot, under such circumstances, be united. (*Id. and* 16 *How. Pr.* 243.) It cannot be, even if a tort and contract could be united where the tort arose out of the contract, that a complaint upon a contract entered into at one time could be united with a tort committed upon another and subsequent occasion. (*Robinson* v. *Flint*, 16 *How. Pr.* 243.)

II. In the case of *Chambers* v. *Lewis* (2 *Hilton* 591 *and* 595) the court says: "Formerly the tort was waived by bringing an action *in assumpsit*, but, under the present system of pleading, the character of the action, and whether or not the tort is waived, must be determined by the facts stated in the complaint. The prayer for relief may some-

Hawk *v.* Thorn.

times determine the question, and, I think, does in this case. The plaintiff prays judgment for the sum of $640, which is the value of the property detained, with interest. This is precisely what the law of damages would give him in an action to recover for the wrongful detention." In the present case the complaint states the plaintiffs' claim in language usual and necessary in actions of tort. (*Sellar v. Sage*, 12 *How.* 531.)

III. The complaint does not charge that the defendants have received money to or for the use of the plaintiffs. The claim for the unlawful conversion is founded upon a tort; that for goods sold and delivered, upon a contract; they are distinct causes of action, and cannot be joined in the same suit. (*Cobb v. Dows and others*, 9 *Barb.* 230.)

In that case the learned judge, delivering the opinion of the court, says: "Where a complaint is framed for the purpose of recovering the value of property, upon the ground of an unlawful conversion, without charging that the defendants have received money to or for the use of the plaintiff, the plaintiff cannot recover the value of the goods as money had and received to their use. (*See also* 10 *Barb.* 445.)

IV. A tort cannot be assigned. "It never was capable of assignment, either before or after the adoption of the Code." (3 *Kernan*, 334. *Hall v. Robinson*, 2 *Comst.* 293. *Gardner v. Adams*, 12 *Wend.* 297. *People v. Tioga Common Pleas*, 19 *id.* 76. *Thurman v. Wells*, 18 *Barb.* 500.)

V. To enable a party to maintain an action of trover and conversion, which is the second cause of action in the plaintiffs' complaint, the plaintiffs, *at the time of the conversion*, must have property, either general or special, in the thing converted. The complaint shows that the conversion was before the assignment of the cause of action to the plaintiff. (1 *Chit. Pl.* 3d *Am. ed., marg. p.* 150. 2 *Saund. Pl.* 47. *Pyne v. Dor*, 1 *T. R.* 56. *Hall v. Robinson*, 2 *Comst.* 293. *Thurman v. Wells*, 18 *Barb.* 500.)

*Sidney S. Harris,* for the respondents.   I. The first ground of demurrer is untenable.   The first cause of action is on contract, as is also the second.   The second cause of action alleges that one Gillingham consigned a calf to the plaintiffs.   That the defendants took and received, without authority, said calf, and sold the same, and received therefor the sum of $19.80, which was the value of the calf.   Then, the plaintiffs claim that the moneys so received on the sale of the calf belonged to Gillingham; that said claim of Gillingham was assigned to the plaintiffs.   Now, upon this state of facts, Gillingham had a good cause of action against the defendants for the price of the calf.   The rule is that when property has been wrongfully taken from the owner and *sold,* the owner can sue for a conversion, or waive the tort and sue for the money received by the wrong doer.   (*Osborn* v. *Bell,* 5 *Denio,* 370.)   The plaintiffs setting forth the matters complained of as being done without rightful authority, does not make the count one for tort.   These facts were necessary to be stated to raise a cause of action in assumpsit, as well as a cause of action in tort.   (*Hobby* ads. *Bruce,* 5 *Leg. Obs.* 18.)   When property is wrongfully sold, and the proceeds received by the wrongdoer, this raises, in all cases, an implied assumpsit in favor of the owner, based upon the duty of the wrongdoer to account to and pay the owner.

II. The second cause of action states all the facts necessary—the receipt of the calf by the defendants, the sale of the same without authority, the price received, the value of the calf, and an assignment of the same to the plaintiffs.   The judgment should be affirmed, with costs.

CARDOZO, J.   The objections raised in this case are not tenable.   When a person has unlawfully taken possession of another's property, the tort may be waived, and an action brought for its value.   Such a cause of action is

assignable. Both causes of action set forth in the complaint are founded on contract, the first express, and the other implied by law, and are properly joined.

The order below was right, and should be affirmed with costs.

GEO. G. BARNARD, J. The demurrer was properly disposed of. The complaint shows that both causes of action arose on contract. They could therefore be properly assigned.

Judgment should be given for the plaintiff, with costs.

CLERKE, P. J., concurred.

Order affirmed.

[NEW YORK GENERAL TERM, June 7, 1869. Clerke, Cardozo and Geo. G. Barnard, Justices.]