By the Court.—Allen, J. [After disposing of an appeal from an order refusing a new trial, as being a non-appealable order.]
The referee has found that the four bands were pledged to the defendant as security for these several loans by him to Seymour, and that “each, of said loans was repaid to said defendant *181 within thirty days after date by said Seymour.” And it is claimed upon the appeal from the judgment that this last finding was entirely without evidence. The precise time of the payment is not an essential part of the finding. If paid at all, it is not disputed that they were paid before the demand of the bonds by Seymour, and if there was evidence that the loans were paid in behalf and on account of the borrower, it was equiva-' lent to a payment by him in person, and the finding would be justified.
The only material fact found was the repayment of the loans to the defendant, before the demand was made of a re-delivery of the bonds. The evidence did tend to prove a payment as found. Seymour was at the time of the loans constructing the Bergen tunnel under a contract with the Long Dock Company, and the defendant, as the acting president of the company, made advances upon the work, on the requisition of Seymour, and at the end of each month was repaid by the company, and the advances were charged by it to Seymour as payments on his contract. These loans were reported to the company by the defendant as advances, and credited to him and charged to Seymour, and this was assented to by the latter at an interview between himself and the defendant, and in the words of Mr. Seymour, “Mr. Berdell promised to return the bonds and to let the account stand as it was, as he, Berdell, had been paid his loans.”
Mr. Seymour was corroborated by his own bookkeeper, who was present. He was contradicted by the defendant as to the fact that these loans were by him and not by the Long Dock Company, but on cross-examination he does say, that it was his intention at the time to make a personal loan, but changed his mind, although he did not notify Seymour of such change. He does, however, admit in substance, that it was arranged, as testified to by Seymour, that the moneys *182 should remain charged to Seymour in account with the Long Dock Company, and does not claim that he is out of p 'icket. On the contrary, the plain inference from his own statement is that he has been reimbursed the loans by the Long Dock Company.
It is not objected here that the report of the referee, that the loans were made by the defendant and the bonds received by him in pledge for the debt to him, is not warranted by the evidence. Neither is it objected that the evidence does not show that the defendant has been reimbursed by the Long Dock Company. It follows,—all the parties, Berdell, the lender, and who, as he says, himself was acting as president of the Long Dock Company, having “the entire charge of the affairs of the company, in relation to Mr. Seymour,” Seymour, the borrower, and Mr. Brunner, the auditor of the company, having consented that the loans should be regarded as payments upon the Seymour contract, and the same being charged to Mr. S., upon his contract, and Berdell repaid as in the case of other advances made by him for the company,—that the loans were paid by Seymour as found by the referee. They were paid from money due to, him and by his debtor.
There is no finding as to any reconsideration of the. arrangement, and a withdrawal of these items from the accounts between Seymour and the Long Dock Company.
The loans being paid, Mr. Seymour was entitled to a return of the bonds, as the defendant had no longer any claim or lien upon them. From that time he was a naked bailee of the bonds, holding them for Seymour.
This disposes of the next objection taken by the appellant, that the motion for a nonsuit should have been granted at the close of the plaintiff’s evidence. No reasons were assigned for the motion upon the trial or in this court. It was properly denied.
*183 The only other ground, urged in this court for a reversal of the judgment, is that the action was barred by the statute of limitations.
After the payment of the loans in the manner and by the arrangement stated, the plaintiff’s assignor on several occasions asked the defendant for his bonds, but was put off by evasive answers, and the claim was not insisted upon until the last of June, 1861, after he had quit the work on the tunnel. He then made a formal demand of the defendant for the bonds, and he refused to deliver them, and Seymour says this was the first time he ever refused to give him the bonds.
The action was brought in less than six years after this demand. The referee finds no other demand or refusal, or any conversion at any other time, or any facts from which a conversion at any other time can be inferred.
The cause of action arose upon a conversion of the bonds by the defendant, and the demand and refusal is only evidence of a conversion, and is evidence of a conversion, at the time of the refusal. It follows that the statute of limitations had not run against the action. If there had been a prior demand and refusal, or a conversion prior to that time, which would have given the plaintiff’s assignor a right of action, the fact should- have been proved and found by the referee.
A mere omission of the defendant to return the bonds after the payment of his debt was not a conversion, and no conversion can be presumed prior to the demand and refusal in June, 1861 (Phillpot v. Kelly, 3 Ad. & El., 106 ; Brown v. Cook, 9 Johns., 361).
The judgment must be affirmed.