## NICHOLS v. GAGE.

CONVERSION OF CHATTELS.—It is 'a conversion for one entrusted with the possession of chattels, with power to sell only, to pledge the same as security for advances made on his own account.

IDEM.—Such conversion would support an action by the owner for the value of the property without reference to any other remedy she might have on contract; but if she elect to bring her action on the contract, for the amount of the proceeds of sales made under such contract, without charging the act of conversion, as a breach, she is not entitled to recover for the value of the property so controverted.

APPEAL from Wasco County.

*J. E. Atwater*, for appellant.

*W. Lair Hill*, for respondent.

In 1878 the respondent let her flock of sheep to the appellant on shares. The contract was in writing, and among other things, bound the appellant to market the wool which should be shorn from the flock, at his own expense, and pay over to the respondent one-half of the gross proceeds. The action was brought on this contract, and the breach assigned was the appellant's refusal to pay over to respondent her share of the proceeds of the alleged sales of the wool, amounting to $835 95. The appellant denied any breach,

and averred payment in full of the respondent's share of such proceeds.

It was established at the trial that no sale of the wool had taken place previous to the commencement of the action, but that appellant had delivered it to a merchant firm at The Dalles for shipment to their correspondent at San Francisco, to be sold there on commission, and had received an advance of several hundred dollars on the wool from said firm. The court below charged the jury, in effect, that such acts, if proven, amounted to a conversion, and entitled respondent to recover the value of her property so converted, and the appellant excepted. The respondent obtained a verdict and judgment for $160 and appellant appealed, assigning said charges as error.

By the Court, WATSON, J.:

There are only two questions involved in this appeal. 1. Did the act of the appellant, in delivering the wool and receiving an advance upon it equal to a large share of its value, amount to a conversion of the respondent's property therein? 2. If it did, was respondent entitled to recover anything, on account of such conversion, in this action?

The contract gave the appellant the power to sell the wool; but he was to defray all expenses and pay over to respondent one-half of the gross proceeds of all sales he might make, as her share. It seems well settled, that an agent in possession of personal property belonging to his principal, who transfers that possession to a stranger, without authority from his principal, and in derogation of his rights of ownership, becomes liable for a conversion. If he transcends his actual authority in this respect, he is not protected, by his relation to his principal, from the ordinary consequences of such wrongful act. It would constitute an "unlawful intermeddling" with the goods of his principal,

and subject him to the same liabilities as it would anyone else, who, having lawful possession of such goods, should make the same disposition of them. But it is laid down by many respectable authorities, and we have discovered none to the contrary, that an agent is guilty of a conversion when he pledges his principal's goods as a security for the payment of his own debt. (*Reynolds* v. *Shuler*, 5 Conn., 323; *Kennedy* v. *Strang*, 14 John., 128; 13 Mass., 177; *Van Amringe* v. *Peabody*, 1 Mason C. C., 440; *Nash* v. *Mosher*, 19 Wend., 431; Story on Sales, Sec. 104; *Jaries* v. *Rogers*, 15 Mass:, 389; *Frost* v. *Plumb*, 40 Conn., 111; *Hall* v. *Corcoran*, 107 Miss., 251.

This is the very position occupied by the appellant in this case. He had authority to sell the wool, but none to transfer the possession to a stranger, without a sale, and thus encumber it with a lien for advances made by such stranger for the appellant's sole benefit. Upon this point we are satisfied the law was laid down correctly by the circuit judge.

On the second point, however, we have not been able to coincide in his view, as we find it expressed in his charge to the jury. This action is essentially an action on the contract. The obligation of the appellant to market the wool, and pay over one-half of the gross proceeds, is clearly alleged. Then follows the allegation of sales of the wool by appellant, the aggregate amount of the proceeds, the amount unpaid of respondent's share, and the refusal of appellant to pay the last mentioned amount.

There is not a single word in the pleadings indicative of any purpose to charge the appellant with the value of the respondent's interest in the wool, for or on account of any conversion. No wrongful act of his, except a refusal to pay to respondent the full amount alleged to be due as her share

of the proceeds of sales already made, is anywhere charged against him. The respondent had an election between suing on her written contract and recovering any damage she might have suffered from its breach by the appellant, or suing for the value of the property converted, making the tortious act the basis of her action.

But she must have made her election to seek her remedy in one form or the other. She could not have the benefit of both in the same action. The issues would be different and the amount of recovery estimated by different standards. (*Deyron* v. *Elmore*, 5 N. Y., 1; *Ross* v. *Mather*, 51 Id., 103; *Walter* v. *Bennett*, 16 Id., 607; *Byxbie* v. *Wood*, 24 Del., 607; *Gordon* v. *Bruner*, 48 Mo., 570; *Hawk* v. *Thorn*, 54 Barb., 164; *Eversale* v. *Moore*, 3 Bush., 49; Bliss on Code Pl., sec. 13.)

There can be no doubt in this case as to the election of the respondent to seek her remedy under the provisions of her contract with appellant. (Bliss on Code Pl., sec. 155; *Cony* v. *Gaynor*, 21 Ohio St., 277; *Gillette* v. *Tregonza*, 13 Wis., 472.) We therefore conclude that it was error in the court below to instruct the jury that they might find for the respondent in this action, the value of her share of the wool which the appellant had converted; and that it was productive of material injury, we cannot doubt. Indeed, it was not possible for the jury to have rendered any verdict against appellant, except in obedience to this portion of the charge. The judgment is reversed and cause remanded.

Judgment reversed.