(20 Misc. Rep. 295.)

### CAREY v. FLACK.

(Supreme Court, Appellate Term. May 27, 1897.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that defendant is not chargeable with a conversion of goods loaned to him by plaintiff cannot be raised for the first time on appeal.
2. SAME—NECESSITY OF EXCEPTIONS—EXCESSIVE DAMAGES.
    A recovery cannot be disturbed as excessive unless the question is presented by a proper exception.

Appeal from city court of New York, general term.

Action by William J. Carey, as receiver in supplementary proceedings, against James A. Flack. From an affirmance of a judgment in favor of plaintiff (43 N. Y. Supp. 1152), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Straley, Hasbrouck & Schloeder (J. A. Straley, of counsel), for appellant.

D. A. Spellissy, for respondent.

McADAM, J. The action was by the plaintiff, as receiver (appointed in proceedings supplementary to execution) of one Michael McMunn, to recover (1) for services rendered by McMunn while trading under the name of Russell Bros.; and (2) for goods sold and delivered by McMunn to the defendant. The charge for services was $427.50, on account of which $168.72 was conceded to have been paid, the defendant claiming to have paid $240.38 thereon. The sale of the goods was denied, and the defendant pleaded a counterclaim of $250 for electrotype plates delivered to McMunn to perform the services rendered by the latter, some of which plates it is alleged were not returned, and some, it is charged, were sent back in a condition unfit for use. There was a conflict of evidence as to the facts constituting the defendant's counterclaim, and, the jury having found adversely thereto, it may, for the purposes of this

appeal, be regarded as out of the case. The jury also found that the defendant was only entitled to credit on the services rendered for $168.72, the amount conceded by the plaintiff to have been paid; so that there is no merit in that portion of the appeal pertaining to the first cause of action.

The jury allowed on the second claim $32 for eight chases, and $120 for 60 blocks, making $152; and this sum added to $258.50, the balance due on the first claim, is the amount of the verdict without interest. The defendant strenuously objected to that part of the recovery for chases and blocks. The proofs show that these were loaned to the defendant, and delivered for his use, at the request of his son and business manager, to the Kay Printing Company. It is claimed by the defendant that no demand was made for the return of the property loaned, and hence the defendant, as bailee, could not, in consequence of the omission, be sued for its value or in conversion. Esmay v. Fanning, 9 Barb. 176; Bates v. Conkling, 10 Wend. 389; Brown v. Cook, 9 Johns. 361; Feltman v. Brewery, 42 How. Prac. 488. The difficulty is that no such point was made in the court below, either by motion to dismiss or otherwise, and it cannot be urged for the first time upon appeal. Furguson v. Investment Co. (City Ct. N. Y.) 11 N. Y. Supp. 738; Gerding v. Haskin, 141 N. Y. 514, 520, 36 N. E. 601. The objection having been waived by failure to raise it where it might have been obviated, and the defendant having failed to return the property, the conversion may be assumed to have been complete, so as to authorize the plaintiff to waive the tort, and sue for the value, on the implied assumpsit to pay. Terry v. Munger, 121 N. Y. 161, 24 N. E. 272; Hawk v. Thorn, 54 Barb. 164; Goodwin v. Griffis, 88 N. Y., at pages 638, 639; 1 Wait, Act. & Def. 405. It is also claimed that this portion of the recovery is excessive, but there is no exception in the case which presents the question in a form in which we are permitted to review it. In this respect the case resembles Briscoe v. Litt, 19 Misc. Rep. 5, 42 N. Y. Supp. 908, in which we were unable to render the appellant any relief from an excessive recovery for want of an exception presenting the question in legal form. The refusal to charge as to value was proper, for there was conflicting evidence on that point. So was the refusal as to levy by the sheriff, as there was not sufficient proof on that subject to warrant the binding instruction requested. Nothing appears in the case to show that any obstacle prevented McMunn from delivering the goods, or hindered the defendant from returning them. The exceptions to these refusals therefore present no error.

Upon the record before us, the judgment must be affirmed, with costs. All concur.