Lawrence v. Martin.

## LAWRENCE v. MARTIN.

A CAUSE of action for a malicious prosecution is not assignable.

The recovery of a verdict in an action for a personal tort does not change the character of the claim to a debt which can be assigned.

Costs are only an incident of a verdict, and when the verdict is, from its nature, unassignable an attempt to assign it will not pass the costs.

A judgment rendered upon an unassignable cause of action for a tort is a debt.

Lawrence *v.* Martin.

In an action for malicious prosecution the plaintiff, after a verdict in his favor and before judgment, assigned the cause of action and verdict. Judgment having been subsequently entered, defendant was garnisheed under three executions issued on other judgments against the plaintiff, and paid to the Sheriff the amount of the judgment in favor of plaintiff against him, who applied the same upon the executions : *held*, that the assignment was void, and that the payment by defendant to the Sheriff was a satisfaction of the judgment.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion of the Court.

*E. A. Lawrence*, Appellant *in pro. per.*

I. In the following cases, in New York, verdicts in actions of tort were assigned to the attorneys before judgment was entered thereon, and it was held valid. (*Countryman* v. *Boyer*, 3 How. Pr. 387 ; *Robinson* v. *Weeks*, 6 Id. 161 ; *Nash* v. *Hamilton*, 3 Ab. Pr. 35 ; Voorhies' N. Y. Code, Sec. 293.)

*Countryman* v. *Boyer* is a case like the present, wherein all the points in this case are fully discussed, the authorities cited, and the decision in our favor.

In *Nash* v. *Hamilton* the only point raised was whether verdict in an action of slander could be assigned to the attorney before judgment: *held*, upon full review of the authorities, and upon the authority of the foregoing cases, and also of *Stanton* v. *Thomas* (24 Wend. 70), and *The People* v. *Tioga Com. Pleas* (19 Id. 73), to be assignable.

So in England it has been repeatedly held in cases arising under the Bankruptcy Act, that in actions of tort, " where the verdict was before, the judgment after, the bankruptcy, the judgment has relation to the time of verdict, and the certificate will bar the debt." (*Ex parte Charles*, 16 Ves. Ch. 256 ; see, also, *Lanford* v. *Ellis, ex parte Hill*, 11 Id. 646 ; *Robinson* v. *Vale*, 9 Eng. Com. Law, 231 ; *Kane* v. *Dulex*, 3 E. D. Smith, 127 ; Pr. Act, Sec. 16 ; 1 Bur. Pr. 281, 282.)

At any rate, the bill of costs, one hundred and twenty dollars, had been filed at the time of the assignment, and they were embraced in the assignment, and it required no judgment to make them a debt at that time, and assignable. (*Ex parte Hill*, 11 Ves.

646.)  Martin cannot question the validity of the assignment.  No one but plaintiff can complain of that.

II.  Notice of the assignment needed not to be given to Martin to avoid the effect of a payment under Sec. 240 of the Practice Act.

In *Robinson* v. *Weeks* (6 How. Pr. 161), above cited, it was held that Sec. 240 was permissive merely; and the result of the cases shows that it is a permission of which a debtor to a judgment debtor can avail himself only at great risk of loss.  In this case (*Robinson* v. *Weeks*) defendant had no notice of the assignment by plaintiff at the time he paid to Sheriff.

The assignment of a chose in action will transfer the interest to the assignee, notwithstanding a subsequent garnishment in favor of a creditor of the assignor; and notice of the assignment to the debtor is not necessary to protect the assignee.  (*Morgan* v. *Low, Ebbets & Co.*, 5 Cal. 325 ; *Whitton* v. *Little*, Geo. Decis. Pt. 11, 99 ; *Littlefield* v. *Smith*, 5 Shep. 327 ; *Smith* v. *Sterritt*, 24 Miss. 3 Jones, 260 ; *Marmaduke* v. *McMasters*, Id. 51; *Pellman* v. *Hart*, 1 Penn. 263 ; 21 Ala. 166 ; 15 Miss. 409.)

III.  The garnishment upon Martin did not constitute a lien upon the money due.  The first garnishment was before judgment entered, and after assignment.  The second garnishment was on the twenty-fifth, nine days after the assignment.  If the title passed by the assignment, then there was nothing left to garnishee. If it did not pass by the assignment, then the garnishment was of no effect, because a judgment can be levied upon by execution and sold, and therefore the moneys due thereon cannot be garnisheed. (*Trowlidge* v. *Means*, 5 Pike, 135, 700 ; *Fore et al.* v. *Manlove et al.*, 18 Cal. 436.)

*John R. Jarboe*, for Respondent.

I.  The first assignment being made before the case was tried, was the assignment of a cause of action arising out of a mere personal tort, which cannot be assigned.  (*Comegys* v. *Vasse*, 1 Pet. 193.)  A cause of action which affects the estate as trover for conversion of goods, survives the person and is assignable ; but a mere personal tort as " malicious prosecution dies with the person and is

not assignable." (Burrill on Assignments, 73, and cases cited in Note 2, 2d Ed.; *Hodgman* v. *Western R. R.*, 7 How. Pr. 492.)

II. A verdict in a case of this nature, does not change the nature of the demand. (*Crouch* v. *Gridley*, 6 Hill, 250 ; *Davenport* v. *Ludlow*, 4 How. 337 ; *Robinson* v. *Weeks*, 6 Id. 161.) Even the case of *ex parte Charles* (16 Vesey, 256) holds that in an action of tort there is no debt till after judgment. The costs were an incident merely of the judgment, and the very case cited by plaintiff is opposed to his position.

III. Even if there was a proper assignment to Williams and Parmelee, Martin paying over the money in good faith to the Sheriff would be protected, provided he paid before notice of his assignment. Equity protects only the interest of an equitable assignee against a payment to the assignor, or as in this instance to the Sheriff his representative, after he, the assignee, has notified the debtor of the assignment, for if the debtor pays to the assignor in good faith before being notified of the assignment, the assignee loses by his own laches. (Story's Eq. Juris. Secs. 1047, 1057 ; *Pope* v. *Huth*, 14 Cal. 403.)

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

This action was brought to recover damages for a malicious prosecution. After the action was commenced, but before trial, the plaintiff assigned the cause of action to G. E. Parmelee. A verdict was obtained by the plaintiff, and then, before the judgment was entered, the plaintiff, as he states, with the consent of Parmelee, assigned one-half of the recovery to C. H. S. Williams. Some months afterwards, and after the judgment was entered on the verdict, the defendant paid the amount of the judgment to the Sheriff of San Francisco County in satisfaction of two executions held by him against Lawrence in favor of other parties. An execution having been subsequently issued on the judgment in this action, the defendant obtained an order setting it aside, from which order this appeal is taken.

The defendant claims that the payment to the Sheriff was a satisfaction of the judgment in this action, pursuant to the pro-

visions of Sec. 240 of the Civil Practice Act. The plaintiff, in behalf of Parmelee and Williams, claims that such payment was ineffectual to satisfy the judgment, because at the time of such payment the debt had been transferred. To this the defendant replies that the assignment, being before judgment, was not of a debt, but of a cause of action for a personal injury, which is not assignable ; and also, that if assignable, the payment was made before notice of such assignment.

The plaintiff cites the case of *Robinson* v. *Weeks* (6 How. Pr. 161) as a decision that the want of notice of the assignment does not render such a payment effectual if an assignment had in fact been made, upon the ground that such a payment is voluntary and the party making it must take care, at his own risk, that he pays to or for the benefit of the party to whom he at the time owes the debt. It is not necessary for us to consider the soundness of the reasoning upon which this proposition is based, because the same case admits that a cause of action for a personal injury is not assignable. That action was for an injury to property, and the Court say in regard to assignments for torts : " The whole difficulty in regard to it, seems to have arisen from not distinguishing between such cases " (injury to property) " and *mere* personal torts, as assault and battery, slander and the like, which die with the person, and which all the authorities agree cannot be assigned." In that case the assignment was after verdict and before judgment, as in this case, and it is clear from the remarks just quoted, that the payment would have been held good, if the cause of action had been for a personal injury, as in this case, and for that reason not assignable. " In the latter case," say the Court, " there is nothing to assign but a mere injury, which does not survive the decease of the injured party, and in which no person can be regarded as having any property." This remark answers the plaintiff's suggestion, that he alone, and not the defendant, can object to the assignment. The objection to the assignment does not arise upon the form or sufficiency of the assignment, but upon the circumstance that the assignment is a nullity because there was no assignable subject upon which it could operate. (See also the cases of *Comegys* v. *Vasse*, 1 Pet. 193; and *Hodgman* v. *Western Railroad*, 7

How. Pr. 492.)    Although the case of *Countryman* v. *Boyer* (3 Id. 387) is in words an authority for the plaintiff, the decision upon this point is made without reference to other decisions and without noticing the distinction between wrongs to the person and wrongs to property.    If, as one case suggests, the assignment might amount to a covenant by the assignor not to collect the judgment when recovered, still it was not an assignment of any thing, and the plaintiff remained the owner of the judgment and the defendant's debtor when the money was paid to the Sheriff.

The plaintiff in his brief assumes that the payments were made upon the executions under which Sheriff Doane had made a levy, and argues that his successor, Ellis, could not receive payment upon them.    The defendant's affidavit, however, states the money to have been paid to the Sheriff on alias executions, and the receipt of Ellis is for money paid on the executions of which he had made levies.

The costs are only an incident of the verdict.    They were not assigned in terms, nor was any judgment to be recovered assigned. If the verdict did not pass by the assignment, the costs did not pass.

The character of the claim was not changed, and it did not become a debt, which could be assigned in consequence of the verdict before a judgment was entered thereon.    (*Crouch* v. *Gridly*, 6 Hill, 250 ; *Kellogg* v. *Schulyer*, 2 Denio, 73 ; *Ex parte Charles*, 14 East. 197.)

After judgment was entered upon the verdict, it became a debt which the defendant could pay to the Sheriff on executions against the plaintiff.    (*Mallory* v. *Norton*, 21 Barb. 424.)

The order appealed from is therefore affirmed.