## GRAY v. FERREBY.

1. **Costs:** IN A CRIMINAL PROCEEDING. *The State* v. *Gray,* 35 Iowa, 503, holding that the payment of a fine assessed against a defendant in a criminal proceeding does not discharge him from the costs adjudged, followed.

2. **Husband and wife:** LIABILITY OF WIFE'S PROPERTY. Personal property of the wife, in the possession and under the control of the husband, is liable to be taken in execution for his debt, even though contracted prior to the time when the property was left under his control, if notice of the wife's ownership had not been filed as provided by the statute, and the creditor had no actual notice of such ownership, at the time of the levy.

3. —— A judgment for costs in a criminal proceeding against the husband, is a debt against him within the meaning of the statute, for the satisfaction of which personal property of the wife, thus in his possession, might be taken.

*Appeal from Clinton District Court.*

FRIDAY, JANUARY 25.

REPLEVIN. Jury trial. Verdict and judgment for defendant. Plaintiff appeals. The further facts appear in the opinion.

*D. Gray* for the appellant.

*Walter I. Hayes* for the appellee.

MILLER, J.— I. The defendant, as the acting sheriff of Clinton county, levied upon three horses as the property of Daniel Gray, by virtue of an execution directed to defendant from the district court of Linn county, Iowa, issued upon a judgment rendered in said court, wherein the State of Iowa was plaintiff and said Daniel Gray, defendant.

<div style="margin-left:2em;font-size:smaller;">1. COSTS: in a criminal proceeding.</div>

This action is brought by plaintiff to recover the property from the custody and possession of the defendant, the plaintiff claiming said possession as the absolute owner of the property.

The defendant justifies the taking of the property under said writ of execution, and also alleges, that the plaintiff and said Daniel Gray are, and have been for more than ten years past, husband and wife, residents in Clinton county; that the property in controversy has always, ever since the same was owned or claimed by said plaintiff or said Daniel Gray, been under the control and in the possession of said husband, with the knowledge and consent of plaintiff, and was so in his possession at the time of the levy of said execution thereon.

The first ground of complaint by the appellant is based upon the facts that the execution under which defendant claimed the property, showed it to have been issued on a judgment against Daniel Gray in a criminal proceeding in behalf of the State of Iowa, and was in the nature of a fine, which it was

shown had been paid long prior to the issuing of the writ. It is therefore urged in argument that the payment of the fine operated as a satisfaction of the judgment and that no execution for costs (which this is) could be legally issued.

This question was directly before the court on appeal in *The State* v. *Gray*, 35 Iowa, the same case wherein this execution issued, and decided at the present term adversely to the appellant. It being there held that the payment of the fine imposed upon Gray did not operate as a satisfaction of the costs in the case.

II. It is next urged that the court erred in its instructions to the jury and in overruling plaintiff's motion for a new trial 1. HUSBAND AND on the ground that the judgment on which the WIFE: liability execution issued from Linn county was not of wife's prop- erty. founded upon any matter *ex contractu*, but on a criminal matter, and that therefore section 2502 of the Revision has no application to the case.

The instructions on this point were not excepted to by appellant, but by his motion for a new trial, the overruling of which was excepted to, we think the question is saved so as to entitle the appellant to a review of it in this court, under the provisions of sections 3119, 3138 of the Revision.

As we have already stated, the grounds upon which the defendant claimed to hold the property were, that the plaintiff was the wife of Daniel Gray; that the property in controversy was left by the wife in the possession and under the control of the husband, and that therefore the same was liable to seizure on the execution in favor of the State against the husband in a criminal proceeding. Now, if these facts if true did not render the plaintiff's property thus in possession liable to the execution, it may be taken advantage of after verdict by motion for a new trial or for judgment *non obstante veredicto*, under the above sections of the Revision. That these facts do not subject her property in possession of her husband to seizure on this execution is what the appellant insists upon in this case. The court held the contrary view in overruling

plaintiff's motion for a new trial and also in its instructions to the jury.

The statute (section 2499 of the Revision) provides that "the personal property of the wife does not vest at once in the husband, but if left under his control it will, *in favor of third persons acting in good faith and without knowledge of the real ownership*, be presumed to have been transferred to him, except as hereinafter provided."

The next section (2500) provides that the wife may avoid a surrender of her rights, as contemplated in the preceding section, by filing with the recorder of deeds a statement of the amount and value of the property left by her under the control of her husband.

Section 2502 provides that "specific articles of personal property may be owned by the wife exempt from the husband's debts, although left under his control, if during his lifetime and prior to its being disposed of by him or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted *after* it was left under his control and *before* the filing of the notice aforesaid except as against those having knowledge of her rights."

By the section first quoted (2499) the rule as it existed at the common law is changed. As between the husband and the wife, her property does not vest in him upon marriage, nor will it do so as between them, though left under his control; but as to "third persons acting in good faith and without knowledge of the real ownership" it will "be presumed to have been transferred" to the husband, except as provided in the following sections.

So that as to third persons who in good faith and without knowledge of the wife's ownership purchase the property from the husband or extend credit to him while the same is left by the wife under his control, the property will be presumed to be his.

By filing the notice, prescribed in section 2500, the wife can

give notice which will protect her interest in the estate of her husband in case of his death or insolvency.

So under section 2502 the wife may leave specific articles of personal property under the control of her husband, which shall be exempt from liability for his debts, " if during his life-time, *and prior to their being disposed of by him or levied upon for his debts,*" she file a notice of her ownership with the recorder of deeds of the county; but if the property be levied upon for a debt contracted by him after it was left under his control and before the filing of the notice, it will not be exempt, although the notice was filed prior to the levy. If the husband contract a debt while the wife's property is left by her under his control, and there be no notice of her owner-ship on file in the recorder's office of the proper county, and the creditor have no knowledge of her ownership, the filing of a notice afterward and before the property is levied upon for such debt will not exempt it from the levy. But if the debt was contracted prior to the time the property was left under the control of the husband, then a notice filed before a levy will exempt it. It seems quite clear, therefore, under this sec-tion, that if no notice be thus filed before levy, and there be no actual knowledge, the articles of personal property found under the control of the husband would not be exempt, even though the debt *had* been contracted *prior* to the time when the property was left under his control; that the property being under his control, though belonging to the wife, is liable to seizure for his *debt*, in the absence of recorded and actual notice, without respect to the time such debt was created, see *Smith* v. *Hewett*, 13 Iowa, 94; *Odell & Updegraff* v. *Lee & Kinnard*, 14 id. 411; *Jones* v. *Jones*, 19 id. 236; *Meyers* v. *McDonald*, 27 id. 391; *Williams* v. *Brown*, 28 id. 247; *Mazouck* v. *Iowa N. C. R. Co.*, 31 id. 559.

We next inquire whether the judgment against Daniel Gray for costs in a criminal proceeding is a debt within the mean-ing of the section of the statute above referred to? " The legal acceptation of *debt*," says BLACKSTONE, "is a sum of money due by certain and express agreement, as by bond for a

determinate sum, a bill or note; a special bargain, or a rent reserved on a lease." This definition of the term is given by the learned author, partly at least, in view of the remedy given by the common law for the non-performance of this class of contracts, for he says: "The non-payment of these is an injury, for which the proper remedy is by action of *debt.*" 3 Black. Com. 154. It is quite clear that this term is not used in this restricted sense in the section of the statute under consideration, for if so, the property of the wife left under the control of her husband, without either actual or constructive notice of her ownership, would be liable to seizure only for his debts arising upon express contracts. In a more enlarged sense the term denotes any kind of just demand. See 1 Bouv. Law Dic. 370, and cases cited. This clearly is the sense in which the term is used in the statute; debts arise as well upon implied as upon express contracts. They arise also upon judgments; and there can be no grounds of distinction between judgments for costs in criminal prosecutions and judgments rendered in civil actions. They are alike judgments for the recovery of money.

There was, therefore, in this respect, no error in overruling the motion for a new trial.

The verdict of the jury finds that "the right of the possession of the property replevied in this case is in the defendant, and we find the value thereof to be the amount of the judgment." Upon this verdict the court rendered judgment for defendant against the plaintiff and the sureties on the replevin bond for $167.26 and costs, as being the amount due on the judgment under which the property was taken on the execution. This, as appears from the evidence, was the true amount due on the judgment for costs; but the record shows that an execution was issued upon the judgment in this case for over $400, besides costs. Of this appellant complains. Although no motion was made in the court below to correct or set aside the execution, because of it being in excess of the judgment, yet, we think it proper to say that the court below should be

prompt in correcting this wrong on the appellant, upon its attention being called thereto.

The execution should follow and correspond with the judgment upon which it is issued, in its recital of the sum recovered.

<div align="right">Affirmed.</div>