(November 15, 1911.)

# GEORGE W. BASHOR, Respondent, v. GEORGE W. BELOIT, Appellant.

### [119 Pac. 55.]

DEMURRER—JUDGMENT—ACTION TO REVIVE—STATUTE OF LIMITATIONS—
EXECUTION—ISSUANCE OF WITHIN FIVE YEARS—COMMON LAW—
WRIT OF SCIRE FACIAS—ACTION ON JUDGMENT—CONSTITUTIONAL
LAW—LEGISLATIVE POWER — EXCLUSIVE METHODS — INTEREST ON
JUDGMENT.

### (Syllabus by the court.)

1. Under the provisions of sec. 4051, Rev. Codes, an action to keep alive a judgment or decree of any court of the United States or of any state or territory within the United States may be commenced within six years from the date of the entry of the judgment.

2. Under the provisions of sec. 4470, Rev. Codes, the party in whose favor a judgment is given may at any time within five years after the entry thereof have a writ of execution issued for its enforcement.

3. Under the common law the owner of a judgment may bring an action on it as a debt of record in any court of competent jurisdiction and prosecute the same to final judgment, notwithstanding his right to issue execution on the original judgment remained unimpaired, and notwithstanding the time for issuing an execution thereon had expired.

4. The legislature has the power to limit the time in which an action may be brought upon a judgment to revive it, and to limit the time in which execution may issue for the enforcement of a judgment, and it may extend the time for the commencement of an action to revive a judgment beyond the period of time allowed by law for the issuance of an execution to enforce such judgment.

5. The common-law writ of *scire facias* has been abolished by the provisions of sec. 4611, Rev. Codes, and as provided by sec. 4474, in all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of· five years from the date of its entry, by leave of court, upon motion, or by judgment for that purpose founded upon supplemental pleadings.

6. By the enactment of said sec. 4474, it was not intended that the method therein provided for the revival of a judgment should be the only and exclusive method for keeping a judgment alive.

7. The right to commence and maintain an action on a judgment in this state is not dependent upon the right to issue an execution for the enforcement of such judgment, but is dependent upon and governed by the provisions of the statute, limiting the time in which an action may be brought upon a judgment.

8. Under the laws of this state, there is one method of procedure for keeping alive a judgment for the recovery of money, and that is by bringing an action thereon within six years from the entry of said judgment; and there are two methods of keeping judgments, other than for the recovery of money, alive: 1. By action on the judgment within six years; 2. By supplemental proceedings under the provisions of sec. 4474, Rev. Codes.

9. Sec. 1539, Rev. Codes, has reference to compounding interest arising on contract, and does not apply to penalties and interest imposed by statute, and is intended as a regulation of interest on contracts and not of interest on judgments.

10. Under the provisions of subd. 4 of sec. 1537, seven per cent interest is allowed for money due on judgments, and under the provisions of sec. 1538, all money judgments bear interest at the rate of seven per cent per annum until satisfied.

11. Under the provisions of subd. 1 of sec. 4471, under an execution for the enforcement of a money judgment, the sheriff is required to satisfy the judgment and all the interest due thereon.

12. Under the provisions of sec. 4051, an action may be maintained on a domestic judgment, if commenced within six years after the entry of such judgment.

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to revive a judgment.   Judgment for plaintiff. *Affirmed.*

Ben F. Tweedy, for Appellant.

Sec. 4051, Rev. Codes, includes foreign judgments, while secs. 4470, 4474, and 4611 apply exclusively to domestic judgments.   Domestic judgments are divided into two classes by the statutes: Those for the recovery of money, and those not for the recovery of money.   Sec. 4470 relates to judgments

of both classes, but sec. 4474 makes special provision for judgments of the second class and provides for their enforcement after the expiration of five years from their entry, and excluding judgments of the first class from its provisions, it follows that the enforcement of judgments of the first class is absolutely prohibited after the expiration of five years from their entry. (*Mason v. Cronise*, 20 Cal. 211; *Rowe v. Blake*, 99 Cal. 167, 33 Pac. 864; *Bank v. Lucas*, 26 Wash. 417, 90 Am. St. 748, 67 Pac. 252, 56 L. R. A. 812; *Haupt v. Burton*, 21 Mont. 572, 69 Am. St. 698, 55 Pac. 110.) The courts in the above cases have not held that a judgment whose enforcement is prohibited by a statute like sec. 4470 can, after it is incapable of enforcement, be a cause of action. (*Kerns v. Graves*, 26 Cal. 156; *White v. Clark*, 8 Cal. 512.)

Secs. 681 and 685, before amendment of sec. 685, of California code are the same as secs. 4470 and 4474 of our code (*Dorland v. Hanson*, 81 Cal. 202, 15 Am. St. 44, 22 Pac. 552), and under such statutes as these a judgment for the recovery of money could not be enforced after the lapse of five years. (*Dorland v. Hanson, supra; Cortez v. Superior Court*, 86 Cal. 274, 21 Am. St. 37, 24 Pac. 1011; *McMan v. Superior Court*, 74 Cal. 106, 15 Pac. 448; *White v. Clark, supra; Kerns v. Graves, supra*.)

The California rule is applied in Kansas. (*Updegraff v. Lucas*, 76 Kan. 630, 93 Pac. 630, 94 Pac. 121, 13 Ann. Cas. 860.) And when a judgment cannot be enforced, it is held that it cannot be a cause of action in a new action, commenced by service of summons after the judgment was "stone dead." (*Mawhinney v. Doane*, 40 Kan. 676, 17 Pac. 44; *Brown v. Akeson*, 74 Kan. 301, 86 Pac. 299; *Smalley v. Bowling*, 64 Kan. 818, 68 Pac. 630; also *Beadles v. Fry*, 15 Okl. 428, 82 Pac. 1041.)

"If the right to issue execution has been lost from the lapse of time or the inaction of the plaintiff, who has lost all means of reviving his judgment so as to become entitled to execution thereon, it has been held that the judgment is so far extinguished that it cannot support an action thereon." (2 Freeman on Judg., p. 751, sec. 432.)

A judgment incapable of immediate enforcement cannot be a cause of action. (23 Cyc. 1502, 1503; *Pollard v. Rogers,* 1 Bibb (Ky.), 473; *Blair v. Caldwell,* 3 Mo. 353.)

That secs. 681 and 685, before sec. 685 was amended, killed a judgment for the recovery of money is recognized by the supreme court of California in 1907. (*Weldon v. Rogers,* 151 Cal. 432, 90 Pac. 1062.)

Secs. 4470 and 4474 of our code were taken from California, and being adopted from that state it must be held that the legislature adopted with them the construction by that court given. So it must be held in Idaho that these sections kill a money judgment in five years from its entry, and absolutely prohibit its enforcement because presumed to be satisfied and discharged of record.

A judgment conclusively presumed to be paid cannot constitute a cause of action. (*Bowman v. Holman,* 53 Or. 456, 99 Pac. 424.)

Eugene A. Cox, and Charles H. Chance, for Respondent Bashor.

It is apparent that no execution could be issued in California on a foreign judgment. Therefore, secs. 173 and 174 of the Civil Practice Act of 1850 could not be construed to refer to foreign judgments. On the other hand, if the five year statute of limitations were construed to apply to domestic judgments, then there would be the inconsistency of having execution issued on a judgment which was barred by the statute of limitations.

Judge Field held that the five year statute of limitations applied both to domestic and foreign judgments, and that the clause providing for the issuance of execution after five years was a legislative inadvertence. (*Mason v. Cronise,* 20 Cal. 212, 218. See, also, *Hobbs v. Duff,* 23 Cal. 596, 630; *Hecht v. Slaney,* 72 Cal. 363, 14 Pac. 88; *Rowe v. Blake,* 99 Cal. 167, 37 Am. St. 45, 33 Pac. 864; *Citizens' National Bank v. Lucas,* 26 Wash. 417, 90 Am. St. 748, 67 Pac. 252; *Haupt v. Burton,* 21 Mont. 572, 69 Am. St. 698, 55 Pac. 110; *McDonald v. Dickson,* 85 N. C. 248.)

Since the original decision in California, there has never been any suggestion that the California code section which corresponds to our section 4051 does not apply equally to domestic and foreign judgments. By changes in the statute, the reason for raising the question has apparently been eliminated. No such distinction has been recognized in the courts of Idaho (*Leman v. Cunningham*, 12 Ida. 136, 85 Pac. 212), and many titles are probably founded upon judgments renewed after the fifth year and before the expiration of the sixth year. Our code provisions upon this point were expressly adjudicated before we adopted them. (*Ames v. Hoy*, 12 Cal. 11; *Stuart v. Lander*, 16 Cal. 373, 375, 76 Am. Dec. 538; *Quivey v. Hall*, 19 Cal. 98; *Trenouth v. Farrington*, 54 Cal. 273; *Rowe v. Blake*, 99 Cal. 167–172, 33 Pac. 864; *Humiston v. Smith*, 21 Cal. 130.)

The statutory constructions adopted in cases cited have never been modified in California. Similar decisions are to be found in other states, but the California decisions would seem to foreclose these questions in our state.

Under our statute and the universal practice in this state, the costs become a part of the judgment. Interest due at the time of judgment is also computed and entered as a part of the judgment.

Sec. 1539 of our codes, relating to compound interest, refers to compounding interest due by contract. It was never intended to apply to penalties and interest imposed by statute.

Costs are not always separately stated, and a judgment for a general sum including costs is good. (*Jackson v. Cummings*, 15 Ill. 449.)

"The costs are a part and portion of the judgment, and should draw interest accordingly." (*Bates v. Wilson*, 18 Colo. 287, 32 Pac. 615; *Washington v. First Nat. Bank*, 64 Tex. 4; *Emmett v. Brophy*, 42 Ohio St. 82; *Whelpley v. Nash*, 46 Mich. 25, 8 N. W. 570; *Palmer v. Glover*, 73 Ind. 529.)

SULLIVAN, J.—This action was brought upon a judgment which was at the time of filing the complaint more than five years and less than six years old. The defendant by demur-

rer plead the statute of limitations. His demurrer was over-
ruled and upon his refusal to plead further, his default was
entered and the cause was heard by the court and judgment
entered against him. This appeal is from the order over-
ruling the demurrer and from the judgment.

The appellant assigns three errors: First, that the court
erred in overruling the demurrer to the complaint; second,
the court erred in entering judgment upon an "expired"
judgment; and, third, the court erred in rendering judg-
ment for interest on the costs of the first judgment.

The grounds of demurrer to the effect that the complaint
does not state facts sufficient to constitute a cause of action
and that this action was barred by the provisions of secs.
4052, 4053, 4060, 4470 and 4474, Rev. Codes, we will consider
together.

Sec. 4052 provides that an action may be brought within
five years upon any contract, obligation or liability founded
upon an instrument in writing.

Sec. 4053 provides that an action may be brought within
four years upon a contract, obligation or liability not founded
upon an instrument in writing.

Sec. 4060 provides that an action for relief not otherwise
provided for must be commenced within four years after
the cause of action shall have accrued.

Sec. 4470 provides that a party in whose favor judgment
is given may at any time within five years after the entry
thereof have a writ of execution issue for its enforcement.

Sec. 4474 provides that in all cases other than for the re-
covery of money the judgment may be enforced or carried
into execution after the lapse of five years from the date of
its entry, by leave of court, upon motion, or by judgment for
that purpose founded upon supplemental pleadings.

It appears from the complaint that this action was brought
on November 18, 1910, upon a judgment made and duly en-
tered on November 25, 1904, no part of which had been paid
at the date of bringing this action, and it is alleged that said
judgment is a valid, subsisting judgment, and six years have
not expired since the rendition and docketing of it. It thus

appears that this action was commenced within six years after the entry of said judgment. Sec. 4051, Rev. Codes, prescribes the period within which an action on a judgment or decree may be commenced and is as follows:

"Within six years:

"1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States; . . . . "

It is admitted by counsel that an action to continue in force a judgment for the recovery of money might be commenced within five years after the entry of such judgment, under the provisions of said sec. 4052, but it is contended that as an execution can only be issued for the enforcement of a money judgment within five years after its entry (sec. 4470), an action cannot be maintained thereon after the expiration of the period in which an execution may issue. Defendant's contention is based upon the ground that the writ of *scire facias* has been abolished and the legislature has provided a substitute for that writ by the provisions of said sec. 4474. Conceding that to be true, it does not aid counsel in his contention, for, under the common law, the writ of *scire facias* in no manner prohibited or interfered with the right to bring an action upon a judgment to revive it, for under the common law a judgment might be kept alive, first, by writ of *scire facias,* and second, by an action upon the judgment. One of those rights in no manner interfered with the other. The right under the common law of an action on a judgment to revive it continues in this state unless it has been destroyed by statute. It is stated in 23 Cyc., p. 1502, that "At common law and generally except in so far as the right has been restricted by local statutes, the owner of a judgment may bring a suit upon it as a debt of record, in the court which rendered it or in any other court of competent jurisdiction, and prosecute the same to final judgment, notwithstanding his right to issue execution on the original judgment remains unimpaired, or, on the other hand, notwithstanding the time for issuing execution has expired; and it is not necessary to allege or show any other cause for suing on the judgment than the

fact that it remains unpaid.'' So far as the statutes in this state are concerned, under the provisions of said sec. 4051, it is expressly provided that an action upon a judgment or decree may be commenced within six years after its entry. We have there the right expressly given that is recognized by the common law, except under the statute the right to bring such action is limited to six years.

We find no prohibition in the constitution against legislation for enforcing, reviving and renewing judgments, and therefore conclude that that matter is within legislative discretion. The legislature may permit suit to be brought upon a judgment for a renewal or revivor of it, or it may deny that privilege. It may permit a judgment to be revived and extended upon notice, or it may require an action for that purpose, or it may permit execution to be issued during any period of time whatever for the enforcement of it; it may establish a period of limitation beyond which an execution may not issue to enforce it; or it may permit an execution to issue at any time until the judgment is fully satisfied, and may authorize an action of revivor to be brought after the limitation for the issuance of execution has expired. These are all matters of legislative policy and the procedure in different states varies greatly. If the legislature had not abolished the writ of *scire facias* (sec. 4611, Rev. Codes), and had enacted no statute limiting the time in which an action might be brought upon a judgment, the common law in regard to writs of *scire facias* and actions on judgments would be in force in this state. However, the legislature has abolished said writ and it has limited the time in which an execution may issue for the enforcement of a judgment to five years without a revival (sec. 4470), and has limited the time in which an action may be brought upon a judgment to six years. (Sec. 4051, Rev. Codes.) The duty of the court in the case at bar is merely to construe the several statutes which have been adopted in this state bearing upon this subject, as this entire matter is left to statutory regulation.

In abolishing the writ of *scire facias* and enacting a substitute therefor by the provisions of sec. 4474, the substitute was not intended to be the exclusive method by which a

judgment might be revived or kept alive, and the fact that a judgment for the recovery of money was excluded from the provisions of said section 4474 is no indication that the legislature intended to exclude such judgments from the provisions of sec. 4051. Under our law the right to maintain an action on a judgment is not dependent upon the right to issue an execution thereon, but is dependent on and governed by the provisions of said sec. 4051, limiting the time in which an action may be brought on a judgment.

Counsel's main contention is that the judgment sued on herein was "dormant" or "dead," and so "dormant" and "dead" that it could not be made the basis of an action. But the legislature has declared otherwise by the provisions of sec. 4051, and its action therein is not expressly or impliedly prohibited by any provision of our constitution.

It is stated in 11 Cyc. of Pl. & Pr., p. 1089:

"At common law, and by the overwhelming weight of authority in this country, the right to maintain an action upon a domestic judgment is not at all dependent upon the right to issue an execution thereon. Thus an action may be maintained upon a dormant judgment, and it may equally well be maintained upon a judgment which is not dormant, and upon which execution might issue."

Under the provisions of our statutes there is one method for keeping a judgment for the recovery of money alive, and that is by action on the judgment; and there are two methods of keeping other judgments alive, one of which is by action on the judgment, and the other by proceedings under the provisions of sec. 4474.

It is stated in 23 Cyc., p. 1447, as follows:

"An action of debt on the judgment is always a proper form of proceeding; and where the statute provides a special remedy for the revival of judgments, as a writ of *scire facias* or a motion for that purpose, it is not exclusive of the common-law right of action on the judgment, but cumulative thereto, so that the creditor may pursue either remedy."

The author cites in support of that proposition cases from Iowa, Kansas, Louisiana, Montana and Texas.

Appellant cites as maintaining his position the case of *Mawhinney v. Doane,* 40 Kan. 676, 17 Pac. 44. The laws of Kansas prescribe one period of time for keeping a judgment alive when both the plaintiff and defendant are still alive, and a different period of time where one or both of the parties are dead. In that case both parties were dead and the action to revive was not brought within the period of limitation for that class of actions and has no application to this case whatever.

The next question presented is whether an action can be maintained for the revival of a domestic judgment under the provisions of sec. 4051, which prescribe the period of six years in which an action may be commenced upon a judgment or decree of any court of the United States, or of any state or territory within the United States. That section was adopted from the laws of California. (See Cal. Prac. Act, 1850, sec. 15; Sess. Laws of Ida. 1863, p. 555, sec. 16.) Under the laws of California and the laws of Idaho, until 1877 the period of limitation for the commencement of an action upon a judgment and the time in which an execution might be issued on such judgment coincided and were the same. The power to enforce and the power to renew the judgment ceased at the same time; but in 1877 (see Sess. Laws of Ida., p. 55), said sec. 16 of the Practice Act of Idaho was amended, limiting the time in which an action might be commenced on a judgment to six years instead of five.

In 1859, the supreme court of California, in the case of *Ames v. Hoy,* 12 Cal. 11, had under consideration said section of the statute and the question whether a suit might be maintained upon a domestic judgment was then considered, and in the course of the opinion the court said:

"Several questions are made. 1. That suit cannot be maintained in this state on a domestic judgment. At common law, actions could be so maintained. (1 Ch. Pl. 103, 104.) There is nothing in our statute which divests the right; and the policy and inconvenience, suggested by the appellant, applied as well in England as here. The chief argument is, that there is no necessity for a right of action on a judgment,

inasmuch as execution can be issued to enforce the judgment already obtained, and no better or higher right or advantage is given to the subsequent judgment. But this is not true in fact, as in many cases it may be of advantage to obtain another judgment in order to save or prolong the lien; and in this case the advantage of having record evidence of the judgment is sufficiently perceptible. The argument that a defendant may be vexed by repeated judgments on the same cause of action is answered by the suggestion that an effectual remedy to the party against this annoyance is the payment of the debt.''

In *Stuart v. Lander,* 16 Cal. 373, 76 Am. Dec. 538, referring to the case of *Ames v. Hoy,* the court said: ''We held that such an action might be maintained even though an execution might be issued to enforce the judgment.'' That action was brought on a domestic judgment.

In *Quivey v. Hall,* 19 Cal. 98, the action was brought upon a domestic judgment.

In the well-considered case of *Mason v. Cornise,* 20 Cal. 212, Mr. Chief Justice Field, speaking for the court, construed the statute of limitations of California, which is similar to our sec. 4051, and stated, among other things:

''The section does not, in terms, except judgments recovered within the state; but, on the contrary, its language embraces the judgments and decrees of any court of any 'state or territory within the United States.' It would seem, according to the natural import of the words used, that there could be no question as to the application of the section to domestic judgments.''

In *Hobbs v. Duff,* 23 Cal. 596, the court said:

''The action having been brought within five years from the date of the decree, it is not barred by the statute.''

That action was on a domestic judgment.

In *Rowe v. Blake,* 99 Cal. 167, 33 Pac. 864, the supreme court of California stated:

''The right to bring an action upon a judgment or decree is recognized by that act as the subject of a civil action and may be brought within five years. Sec. 336, id. The provi-

sions of this section are applicable to domestic judgments. *Mason v. Cronise*, 20 Cal. 211.''

In *Trenouth v. Farrington*, 54 Cal. 273, the court held that sec. 336, Code Civ. Proc., applied to domestic judgments. In *Baker v. Hummer*, 31 Kan. 325, 2 Pac. 808, the court held that an action could be maintained on a dormant domestic judgment.

Said section 4051 having been adopted from California and construed to include domestic judgments before the same was adopted by this state, is a cogent reason for holding that said section applies to domestic judgments; and aside from that we think it a very reasonable construction of said statute to include domestic judgments therein.

As this action may be maintained on a domestic judgment and as the action is not barred by the statute of limitations or otherwise, the court did not err in overruling said demurrer.

The third error assigned is to the effect that the court erred in rendering judgment for interest on the original judgment. Appellant contends that the court had no authority to render a judgment whereby interest was allowed upon the judgment which included interest up to the date of the judgment, and cites sec. 1539 and other sections of our Revised Codes in support of his contention. Sec. 1539 provides as follows: ''Compound interest is not allowed, but a debtor may agree in writing to interest on interest overdue at the date of such agreement.'' That section has reference to compounding interest on contracts. It was never intended to apply to penalties and interest imposed by statute. In the case of taxes, the principal amount due draws interest at the rate of eighteen per cent and the whole amount due is computed at the time of the sale and fixed by the sale as a lien upon the property. The same thing occurs in a number of other proceedings under our statutes. None of these, however, come within the terms of the statute against compounding interest, for the reason that the provisions of said sec. 1539 were intended as a regulation of interest on contracts and not on judgments. It was designed to prevent the imposition

upon borrowers of heavy exactions by compounding interest at frequent intervals. That being true, the provisions of our statute in regard to the rendition of judgments for debt, damages or costs and interest thereon must be considered in deciding this question. The following sections of our statute should be considered:

"Sec. 1536. In all judgments rendered by any court for any debt, damages, or costs, and in all executions issued thereon, the amount must be computed, as near as may be, in dollars and cents, rejecting small fractions; and no judgment or other proceeding is erroneous for such omission.

"Sec. 1537. Where there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of seven cents on the hundred by the year on: . . . . 4. Money due on the judgment of any competent court or tribunal.

"Sec. 1538. Parties may agree in writing for the payment of any rate of interest, on money due or to become due on any contract, not to exceed the sum of twelve per cent. per annum; any judgment rendered on such contract shall bear interest at the rate of seven per cent. per annum until satisfied."

"Sec. 4914. The clerk must include in the judgment entered up by him, any interest on the verdict or decision of the court, from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, and must make a similar insertion of the costs in the copies and docket of the judgment."

"Sec. 4471. . . . . 1. If it [the execution] be against the property of the judgment debtor, it must require the sheriff to satisfy the judgment, with interest, . . . . "

Under our statutes, costs become a part of the judgment. They are entered up in the judgment and docketed with it and are collected by the same execution on which the judgment is collected. Interest due at the date of the judgment is also computed and entered as part of the judgment. The total

amount due for damages, interest and costs is entered as the judgment, and under the provisions of subd. 4 of sec. 1537, seven per cent is allowed for money due on judgments, and under the provisions of sec. 1538, any judgment rendered on contract bears interest at the rate of seven per cent until satisfied. These provisions clearly contemplate that judgments bear seven per cent interest, and this applies to the total amount of the judgment, including costs at the date of its entry, and the intention of the legislature is indicated by subd. 1 of said section 4471, which provides that if an execution for the enforcement of a judgment be against the property of the judgment debtor, it must require the sheriff to satisfy the judgment with interest thereon. That means interest on the full amount of the *entire* judgment. It was not the intention to segregate the principal sum for which the judgment was rendered from the interest that was due thereon at the date of the judgment, but to compute interest on the total amount of said judgment and costs from the date of the judgment.

Finding no error in the record, the judgment of the trial court must be affirmed and it is so ordered. Costs are awarded to the respondent.

Stewart, C. J., and Ailshie, J., concur.