(No. 5569. February 5, 1931.)

MABLE R. GERKEN, Wife of GLEN GERKEN, Respondent, v. DAVIDSON GROCERY COMPANY, a Corporation, and FRED H. TURNER, Sheriff of Jerome County, Idaho, Defendants, Appellants, W. A. HEISS, H. W. CLOUCHEK and HENRY W. CLOUCHEK, Executor of the Estate of AUGUSTA CLOUCHEK, Deceased, Defendants, Respondents.

[296 Pac. 192.]

Fisher & Coffin, for Appellants.

James R. Bothwell and W. Orr Chapman, for Respondent Gerken.

LEE, C. J.—This is a suit to quiet title to certain real property. The original owners, Eugene G. Gauss and Lydia M. Gauss, husband and wife, incumbered the property by the execution of three mortgages, respectively, to Equitable Savings & Loan Association on August 25, 1919, W. A. Heiss, October 1, 1919, Davidson Grocery Company, June 24, 1923. On February 25, 1925, the mortgagors conveyed the property by quitclaim deed to Glen Gerken, husband

then and at all times since of Mable R. Gerken, plaintiff, and respondent herein: deed was recorded March 2, 1925.

Neither Gerken nor his wife ever assumed the mortgages or undertook their satisfaction. On August 19, 1925, Heiss, the second mortgagee whose mortgage had been recorded October 7, 1919, instituted foreclosure proceedings against the original mortgagors, Davidson Grocery Company, the third mortgagee aforesaid and appellant here, and Augusta Clouchek, a judgment creditor. In that action, neither Gerken nor his wife were made parties nor did either ever appear therein. Appellant, Davidson Grocery Company, having been served with summons, defaulted. Decree of foreclosure was entered; and on January 23, 1926, the property was sold by the sheriff at public auction to Glen Gerken for the cash sum of $798.29, the whole amount due upon the judgment, including interest and costs. There was no redemption; and subsequently the sheriff issued Gerken a deed to the premises, which deed was recorded February 24, 1927. On February 26th following, appellant, Davidson Grocery Company, commenced an action to foreclose its mortgage. The defendants joined were the Gausses, W. A. Heiss, Glen Gerken and H. W. Clouchek, executor of the estate of Augusta Clouchek, deceased: Glen Gerken's wife, respondent, Mable Gerken, was not joined as a party or served with summons, nor did she appear personally or by attorney: Gerken defaulted and did not contest the Davidson Grocery Company's mortgage. Decree was entered, the premises bid in by appellant, Davidson Grocery Company, to whom later was issued the sheriff's deed, since which time appellant through tenants has been in possession of the property, no redemption having intervened. Respondent brought this suit against appellant and the sheriff to secure a decree vacating the judgment of foreclosure and quieting her title to the premises aforesaid. Trial resulted in a judgment as prayed for, hence this appeal.

Respondent contends first that, inasmuch as the subject matter is concededly community property, she was

not bound by the decree in appellant's foreclosure action, not having been made a party thereto, and, second, that the proceedings were void, since appellant having been joined in the Heiss action defaulted therein and wholly failed to redeem from the ensuing sale. The first contention will be admitted at the outset. Not so fast, however, with respect to the second. Respondent argues that, since she and her husband had not obligated themselves to pay off the Heiss mortgage, they were not necessary parties to its foreclosure, and the fact that they were not so joined did not in any manner affect the court's jurisdiction to enter the decree and order the property sold. For this reason, she earnestly insists upon the validity of the sale, the legality of her husband's purchase at such sale, and the dereliction of appellant in not having redeemed therefrom; in other words, the decree, although ineffective as to herself and husband, was a decree good and binding upon each and every party to the suit. By the same token, what was there to invalidate the decree in appellant's foreclosure action to which husband Gerken was a party, necessary or otherwise? The court had the same or broader jurisdiction there than it had in the former action. Its judgment unappealed from stands as a solemn adjudication as to all the parties thereto, and it cannot now be attacked collaterally, unless void on its face, except for fraud. No fraud has been charged against appellant; and the judgment-roll shows no want of jurisdiction of either the immediate parties or the subject matter. The contention is not only untenable but inconsistent with the position respondent takes with respect to the Heiss suit.

But there is another reason that precludes Chancery's listening to respondent. This court held in *Fales v. Weeter Lbr. Co.*, 26 Ida. 367, 143 Pac. 526, that, although the wife be omitted in the foreclosure action, where the husband has been made a party defendant, she will not be permitted to recover the land without payment of the debt. This principle has too often been applied to require lengthy citation of authority. "He who seeks equity must do

equity." There is no more firmly established rule than that the liability to pay a mortgage debt rests upon the mortgaged land as well as upon the mortgagor. A mortgagor cannot without paying his debt quiet title as against the mortgagee: and the same rule applies to the grantee of a mortgagor, who takes the land while it is still burdened with a lien for the security of a debt. Said the court in *Faxon v. All Persons,* 166 Cal. 707, 137 Pac. 919, 925, L. R. A. 1916B, 1209:

"Where the plaintiff is himself the debtor, the applicability of the present rule is apparent. No different situation is presented where the plaintiff has bought the land before the right to foreclose the mortgage has become barred. In such case he acquired the property subject to a valid existing lien, which was, presumably, taken into account in fixing the purchase price. Such property, when he acquired it, was bound by the debt, and it would be as inequitable to relieve him of the burden without payment as it would to thus free the original debtor."

This case was approved by *Chapman v. Hicks,* 41 Cal. App. 158, 182 Pac. 336: it is the doctrine in Montana. (*McMillan v. Davenport,* 44 Mont. 23, Ann. Cas. 1912D, 984, 118 Pac. 756.)

There is one point more that should not be overlooked. Gerken, the purchaser at the Heiss sale, was not a stranger to the title. The mortgage had been placed on the premises by his grantors, the Gausses. Aside from a personal liability to pay, he stood in the Gausses' shoes as far as appellant's mortgage was concerned. After a foreclosure sale, subsequent equities are binding on the purchaser's title where the mortgagor himself becomes the purchaser and the equities were placed there by himself. (42 C. J. 256, par. 1905; 3 Jones on Mortgages, 8th ed., par. 2429.) Having constructive notice of appellant's mortgage at the time he took the quitclaim deed, and not having contested the Davidson Grocery Company's mortgage in its foreclosure, to which proceeding he was a party, Gerken

could no more have evaded that subsequent equity than could his grantors: he could not keep the land and at the same time gainsay the burden. In effect, all he had done was to clear the land of the Heiss mortgage: appellant's mortgage remained unaffected. (*Landau v. Cottrill,* 159 Mo. 308, 60 S. W. 64, 67.)

Judgment reversed, costs to appellants.

Givens, Varian and McNaughton, JJ., and Koelsch, D. J., concur.

Petition for rehearing denied.