(No. 6826.  March 27, 1941.)

SIDNEY D. PLATTS and VIOLA PLATTS, his wife, Appellants, v. PACIFIC FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF TACOMA, a corporation, and MARINE TRUST COMPANY OF BUFFALO, a corporation (Successor to CITIZENS TRUST CO., a corporation), Respondents.

[111 Pac. (2d) 1093.]

S. T. Lowe, for Appellants.

Bothwell & Povey and W. B. Bowler, for Respondent Pacific First Federal Savings & Loan Association.

C. W. Thomas, for Respondent Marine Trust Company.

AILSHIE, J.—This action was commenced by the appellants, husband and wife, against the Pacific First Federal Savings and Loan Association of Tacoma, which will hereafter be referred to as the Association, and the Marine Trust Company of Buffalo, which will hereafter be referred to as the Trust Company, successor to Citizens Trust Company, as defendants, for the purpose of quieting title of appellants to a tract of land in Cassia county and to obtain judgment against the Association for the statutory penalty of $100 for failure to satisfy the mortgage of record, as provided for by sec. 44-815, I. C. A. The Association answered and filed a cross-complaint, alleging that it held a mortgage on the premises described and that the same had not been paid, and prayed a decree of foreclosure of its mortgage. The Trust Company answered and alleged that it was the successor of the Citizens Trust Company and as such was owner of a judgment against appellants and held a judgment lien on the realty involved. The mortgage which the Association sought to foreclose was executed May 1, 1922, to secure a promissory note in the sum of $2400, payable in 96 equal monthly instalments.

Appellants contended that they had made full payment of all instalments except a balance of $617.87 and that on September 28, 1936, and prior to the commencement of this action, they tendered the Association a check for that sum as payment in full for the mortgage indebtedness, together with all taxes and other expenses covered and secured by the mortgage. It is further alleged in the complaint that the tender, which appellants made, was $178.50 in excess of the amount actually owing and unpaid on the mortgage; that the evidence was not sufficient to sustain a finding for a greater sum than $439.37.

The court found that a valid tender had been made in the sum alleged ($617.87) and that it was the true amount owing and sufficient to cover all sums due from appellants to the Association. After making the tender, appellants

made formal demand in writing, under the statute, sec. 44-815, I. C. A., for the release of the mortgage of record.

It will be of no value for us to review, in this opinion, the mass of evidence introduced in reference to the various instalment payments and interest accrued in connection with this transaction. It is sufficient to say that there is substantial evidence in the record to sustain the finding of the trial court, to the effect that "the plaintiffs were indebted to the defendant, ... in the sum of $617.87," which sum consisted of balance of instalments due on mortgage note, taxes paid by mortgagee and necessary outlay for bringing abstract up to date.

The court also found that the Association had not acted in bad faith and that it was not liable for the $100 penalty under the statute. We are satisfied from the record before us that the trial court was correct in refusing to impose the penalty under the circumstances disclosed. There was a good faith and bona fide controversy existing between the mortgagors and the mortgagee, over the amount due and the items chargeable against appellants. It would have been inequitable to impose the penalty under the circumstances of the case.

The issue raised as between appellants and the Trust Company involves the validity and continuing effect of a judgment that had been duly docketed. This branch of the case raises a question that has never been directly passed on in this state, so far as we are aware, and that is; whether or not a judgment duly docketed creates a continuing lien under sec. 7-1109, I. C. A., until the judgment is paid, or whether such lien expires by the limitation of the statute which creates it, upon the lapse of five years from the docketing of the judgment. The essential facts, out of which this branch of the controversy arises, are as follows: September 4, 1923, the Citizens Trust Company recovered a judgment by default in the District Court in and for Cassia County against appellant, S. D. Platts, and others as co-partners, and thereafter caused the judgment to be duly docketed in Cassia county. Respondent, Trust Company, subsequently became the owner by succession of this judgment. The judgment has never

been paid or renewed. Appellants joined the Trust Company as a party defendant, alleging the rendition and docketing of this judgment and that it had expired and remained as a cloud on appellants' real property.

The trial court held that appellants were not entitled to a decree clearing or quieting their title to the property against the Trust Company's judgment unless or until plaintiffs do equity by paying the judgment. The question, therefore, reduces itself to this: If the lien, granted by sec. 7-1109, is a continuing, right, avoidable only by the plea of the statute of limitations, the judgment of the trial court must be upheld, under the holding of this court relating to mortgage liens announced in the following cases: *Tarr v. Western Loan & Savings Co.,* 15 Ida. 741, 750; *Fales v. Weeter Lumber Co., Ltd.,* 26 Ida. 367; *Gerken v. Davidson Grocery Co.,* 50 Ida. 315, 321.

█ If, however, the time, during which the lien is granted by statute, operates as a substantive part and limitation of the right or liability as created, and not as a mere defense to be plead or waived, then and in that case the judgment is erroneous and must be reversed in that respect. The statute (sec. 7-1109, I. C. A.), which creates the right of a judgment creditor to have a lien on certain of the realty of his debtor, reads as follows:

"Judgments in district courts of this state and judgments in district courts of the United States, if rendered within this state, *from the time they are docketed, become liens* upon all the real property of the judgment debtor, not exempt from execution, within the county in which the judgment is docketed and the court records kept, owned by such debtor at the time or which he may afterwards acquire, *until the lien expires.* The lien *continues for five years* unless the judgment be previously satisfied, or unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking, in .which case the lien ceases." (Italics supplied.)

█ It will be seen, from an analysis of the foregoing statute, that conditions are attached to its operation; (a) the judgment must be "rendered within this state"; and (b) the lien dates from the time the judgment is

"docketed"; (c) it extends only to "the real property of the judgment debtor, ... within the county in which the judgment is docketed." Furthermore, "the lien continues for five years unless the judgment be previously satisfied." The lien thus allowed is purely the creation of the statute. Such a lien did not exist at common law. (*Fordyce-Crossett Sales Co. v. Erwin,* (Tex. Civ. App.) 121 S. W. (2d) 491, 493; *Smith v. Toman,* 118 A. L. R. 924, 926; *Hagemann v. Pinska,* (Mo.) 37 S. W. (2d) 463, 465; *Waldock v. Bedell,* (Ohio App.) 18 N. E. (2d) 828, 830; 15 R. C. L., pp. 793, 794, secs. 248, 250; 34 C. J., pp. 567-569, secs. 870, 871.) So that it will be seen that this statute, instead of being a limitation or regulation of a common law right, confers a new and unusual right. It differs also from a mortgage or other *contract lien,* wherein and whereby the debtor voluntarily encumbers, pledges, or hypothecates certain specific property for the payment of his debt. In the latter case the debtor specifies the property to be encumbered and leaves the rest of his property free and clear of the cloud of the obligation. A judgment lien, however, preferred under the foregoing statute, is involuntary and extends to *all the realty* owned by the judgment debtor within the county wherein the judgment is docketed.

In *Western L. & B. Co. v. Gem State Lumber Co.,* 32 Ida. 497, this court had occasion to consider the effect of failure of the holder of a mechanic's lien, under sec. 7349, C. S. (44-510, I. C. A.), to commence his action for foreclosure within six months after the claim had been filed, and cited the following cases: *Utah Implement-Vehicle Co. v. Bowman,* 209 Fed. 942; *Continental etc. Bank v. Pacific Coast Pipe Co.,* 222 Fed. 781; 138 C. C. A. 329; *D. W. Standrod Co. v. Utah Implement-Vehicle Co.,* 223 Fed. 517, 139 C. C. A. 65, and concluded:

"It was held in these cases that the section should be construed as though it provided that the lien should not continue unless proceedings were commenced in the proper court 'against the person or persons against whose interest the lien is asserted,' and hence, where a mortgagee of property was not made a party to the suit to enforce the mechanic's lien, he was not bound by the judgment,

nor was the lien, after the expiration of the statutory period, of any effect as against the mortgagee's interest.

"We are satisfied that the construction placed upon the statute by the federal courts is sound. . . .

"The limitation prescribed by statute of the time within which an action must be brought in a proper court for the foreclosure of a mechanic's lien is not the ordinary statute of limitation which is waived if not pleaded. 'The time within which a suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' "

The case just quoted from is entitled to great weight, for the reason that there a mechanic's lien had been made, filed, and recorded in the manner prescribed by statute. The court held that the lien created thereby lapsed by its own limitation where no action was commenced within six months after the date of filing the lien. *Fleshman v. Whiteside,* (Ore.) 34 Pac. (2d) 648; *Morris v. Orcas Lime Co.,* (Wash.) 53 Pac. (2d) 604; *The Harrisburg v. Rickards,* 119 U. S. 199, 30 L. Ed. 358; *Bowles v. Portelance,* (Kans.) 67 Pac. (2d) 419, support the holding in the Western L. & B. Co. case, *supra.*

In order to support an execution sale, under a judgment lien granted by this statute, as against a purchaser for value, it would be necessary to prove that the execution was issued within the five-year period allowed after docketing the judgment. The burden of making proof would rest on the party asserting the existence of a judgment lien. Purchasers and encumbrancers may look to and rely on the record. While a partial payment or extension may very well extend the maturity date and toll the statute of limitations (sec. 5-238, I. C. A.), it would not extend or continue the judgment lien unless made in writing so as to entitle it to be recorded and placing it of record where it would become notice to subsequent purchasers and encumbrancers. (*Woods v. Locke,* 49 Ida. 486, 493.) On the other hand, such a judgment may be renewed (sec. 5-215, I. C. A.) and thereby create a new judgment lien under the statute. (Sec. 7-1109, I. C. A.) Expiration of the *lien* of a judgment does not extinguish

the judgment. It simply terminates the statutory security. (*Bashor v. Beloit*, 20 Ida. 592; see citation *Caxton Printers v. Ulen*, 59 Ida. 688.)

If the contention is sound, that a docketed judgment continues a lien against all the real property of the judgment debtor until the judgment is paid, such a lien would in many cases, be preferable and superior to a mortgage, since the latter is limited to the property described in the mortgage; whereas a judgment lien covers *all the real property the debtor owns or acquires until the judgment is paid.*

We conclude and so hold, that a judgment lien lapses, under the statute creating it, at the expiration of *five years from the date it is docketed.*

The judgment is affirmed in favor of the Association and reversed as to the Trust Company. The time which appellants were allowed by the trial court, for compliance with the terms thereof, will be extended 20 days from the date of filing remittitur with the clerk of the district court. Appellants will be allowed their costs incurred in prosecuting this appeal against the Trust Company; and respondent Association will be allowed its costs against appellants for its brief.

Budge, C. J., Morgan and Holden, JJ., concur.

GIVENS, J. (Concurring in part and dissenting in part) — Equitable relief similar to that accorded the holder of a mortgage against which the statute of limitations has run (i.e., title will not be quieted in the mortgagor unless the debt is paid, though the mortgage could not be affirmatively enforced) is denied respondent Marine Trust Company of Buffalo, holder of a judgment against which the statute of limitations has run, on two premises, first, that the judgment lien was not voluntarily imposed, and second, by inference or implication that the mortgage lien continues, while the judgment lien does not.

A judgment, with greater finality than a mortgage, determines that an obligation is a debt, hence the voluntary or involuntary nature of the original creation of

the obligation, i.e., tort or contract is of no moment herein. (*Spilde v. Johnson*, (Ia.) 109 N. W. 1023, 1024; *Miller v. Hoover*, (Mo.) 97 S. W. 210, 212; *Vitale v. Duerbeck*, (Mo.) 92 S. W. (2d) 691; *Heinl v. Terre Haute*, (Ind.) 66 N. E. 450, 452; *Laurence v. Martin*, 22 Cal. 173, 178; *Livingston v. Livingston*, (N. Y.) 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600.)

The application of the rule that he who seeks equity must do equity has been applied where a mortgagor sought to quiet title against a mortgage barred by the statute of limitations though it was expressly considered the lien had expired. (*Puckhaber v. Henry*, (Cal.) 93 Pac. 114, 115; *Graig v. Dinnwiddie*, (Cal.) 247 Pac. 516; *Gerken v. Davidson Grocery Co.*, 50 Ida. 315, 296 Pac. 192; *Provident Mutual Building-Loan Ass'n v. Schwertner*, (Ariz.) 140 Pac. 495; *Raggio v. Palmtag*, (Cal.) 103 Pac. 312; *Bulson v. Moffatt*, (Cal.) 161 Pac. 259; *Shimpnes v. Stickney*, (Cal.) 28 Pac. (2d) 673.) Ergo, that the judgment lien has expired justifies no exception. (*Hickey v. Algie*, (Cal.) 197 Pac. 359, 361; *Cosper v. Valley Bank*, (Ariz.) 237 Pac. 175; *Security Trust & Savings Bank v. McClure*, (Ariz.) 241 Pac. 515, 517; *Nellis v. Minton*, (Okla.) 216 Pac. 147, 149.)

The sole essential underlying premise is that equity will not remove a cloud on the title to real estate, occasioned by the owner's failure to pay a valid debt, while the debt remains unpaid. The debt, though unenforceable because of the statute of limitations, continues until paid. (*Sterrett v. Sweeney*, 15 Ida. 416, 423, 98 Pac. 418; *McLeod v. Rogers*, 28 Ida. 412, 154 Pac. 970; *Anderson v. Ferguson*, 56 Ida. 554, 562, 57 Pac. (2d) 325; *Bashor v. Beloit*, 20 Ida. 592, 119 Pac. 55; *Nellis v. Minton*, *supra*.) The debt, not the lien, is the compelling prerequisite, upon which the equitable principle operates. In other words, the debt is the substance, the lien is ephemeral. Otherwise an inferior obligation (mortgage) is exalted over a superior debt (judgment). There can be a debt without a lien but there can be no lien without a debt, because the lien is merely to secure or enforce payment, perforce payment of a debt. (17 R. C. L., sec. 2, p. 596; *Frick v. Hilliard*, 95 N. C. 117; *Hotchkiss v. National*

*City Bank of N. Y.,* 200 Fed. 287; *Phillips v. Atwell,* (Fla.) 80 So. 180, 181; *Marshall v. C. S. Young Const. Co.,* (Fla.) 113 So. 565, 566; *Bell v. Hiner,* (Ind.) 44 N. E. 576; *Mahan v. Bitting,* (Vt.) 137 S. E. 889, 890; *Branofsky v. Weiss,* (Pa.) 182 Atl. 47, 48; *Mendenhall v. Burnette,* (Kan.) 49 Pac. 93.) Hence equity should attach to the substance, not the form, in fact it is a familiar maxim. (21 C. J. 204.)

A judgment is the highest form of debt. (*Woods v. Locke,* 49 Ida. 486, 493, 289 Pac. 610; *Bashor v. Beloit, supra;* 33 C. J. 1056, sec. 9, note 66 (2); *Hutchison v. Reclamation Dist No. 1619,* (Cal.) 254 Pac. 606, 611; *Adams v. Hachett,* 7 Cal. 187, 203; *Laurence v. Martin,* 22 Cal. 173, 178; *Stauffer v. Rennick,* (Cal.) 15 Pac. 584; *Mayor of City of Anniston v. Hurt,* (Ala.) 37 So. 220, 222; *Miller v. Hoover,* (Mo.) *supra; Probate Court v. Williams,* (R. I.) 73 Atl. 382; *Ambler v. Whipple,* (Ill.) 28 N. E. 841, 32 Am. St. Rep. 202; *Morse v. Toppan,* (Mass.) 3 Atl. 411; *Gray v. Ferraby,* 36 Iowa 146, 150; *Vitale v. Duerbeck, supra; Buttler v. Boliger,* (La.) 133 So. 778; *Bennett v. Bennett,* (N. J.) 49 Atl. 501; *Heinl v. Terre Haute, supra; Barnes v. American Fertilizer Co.,* (Va.) 130 S. E. 902; *Chader v. Wilkins,* (Ia.) 284 N. W. 183; 30 Am. Jur., p. 896, secs. 144, 145.)

I therefore dissent from the reversal of the portion of the judgment in favor of respondent Marine Trust Company of Buffalo. (*Hickey v. Algie, supra; Nellis v. Minton, supra; Cosper v. Valley Bank, supra.*) Otherwise I concur.