IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| D.L. EVANS BANK,<br><br>                         Respondent,<br><br>         v.<br><br>HENRY W. DEAN, †<br><br>                           Appellant,<br><br>         v.<br><br>VALLEY CLUB HOMES, LLC; SUN VALLEY DEVELOPMENT LLC AND LINDA L. BADELL,<br><br>                         Defendants. | No. 84901-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Henry W. Dean appeals the superior court's denial of his motion to vacate a 2010 Idaho default judgment and its registration and renewal in Washington. However, concurrent to these decisions, the respondent, D.L. Evans Bank ("Evans Bank" or "the Bank"), obtained a "completely new" 2022 Idaho judgment for the same debts underlying the 2010 judgment. Further, the Idaho Supreme Court has affirmed the 2022 judgment, and the Bank commits to

---

† Of the defendants, Henry W. Dean is the only participant in this appeal.

abandon its efforts to collect on the 2010 judgment. As such, we hold this case, focused only on the validity of the 2010 judgment, is rendered moot and we affirm.

I.    BACKGROUND

In 2006, Dean signed personal guarantees for the loans of two Idaho-based companies. These loans were obtained from Evans Bank. Following the 2007-08 financial crisis, the companies defaulted on the loans. In August 2009, Evans Bank filed suit in Idaho state court to recover the money Dean owed them. In January 2010, an Idaho state court entered a default judgment against Dean for $1,063,503.16 (hereinafter, "2010 Judgment"). The Bank renewed this judgment in January 2015 and October 2019. In September 2010, the 2010 Judgment was registered in King County Superior Court. The Washington registration was renewed in both January 2015 and December 2019.

In August 2022, an Idaho state court granted Evans Bank's "action upon" a judgment on the same debt owed by Dean (hereinafter "2022 Judgment"). After adding the accrued interest, this new judgment was now for $1,780,479.56. The 2022 Judgment was registered in King County Superior Court in December 2022. As will be explained in further detail below, the Idaho Supreme Court affirmed the validity of the 2022 Judgment during the pendency of this appeal. D.L. Evans Bank v. Dean, No. 50134-2022, slip op. at 1 (Idaho Oct. 30, 2023), https://isc.idaho.gov/opinions/50134x.pdf.

In December 2022, Dean moved to vacate the 2010 Judgment and its Washington-based registration and renewals in King County Superior Court. The motion was denied the following month. Dean now appeals only the denial of those

decisions.

## II.    ANALYSIS

### A.    Mootness

"A case is moot if a court can no longer provide effective relief." SEIU Healthcare 775NW v. Gregoire, 168 Wn.2d 593, 602, 229 P.3d 774 (2010); see also City of Sequim v. Malkasian, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) ("'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'") (quoting 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3, at 261 (2d ed.1984)).

Here, the 2010 and 2022 Judgments concern the same underlying debt. However, as the Idaho Supreme Court recently explained in upholding the validity of the latter, the 2022 Judgment is "[a]n action on a judgment is a *new lawsuit* seeking a *new judgment* for the amount remaining due on the original judgment." Dean, slip op. at 7 (emphasis added). Moreover, that court had previously explained that "[a]n action on a judgment results in a *completely new* Idaho judgment in favor of the judgment creditor." Grazer v. Jones, 154 Idaho 58, 67, 294 P.3d 184 (2013) (emphasis added).

In other words, while the 2010 and 2022 judgments concern the same debt, the 2022 Judgment has its own procedural foundation distinct from the 2010 Judgment. Indeed, as a new judgment, the Bank independently registered and served that registration on Dean last year. In turn, under Idaho law, it appears the

Bank can attempt to collect on the 2022 Judgment regardless of what infirmities the 2010 Judgement or its registration and renewals may have suffered. Bashor v. Beloit, 20 Idaho 592, 57, 119 P. 55 (1911) ("it is not necessary to allege or show any other cause for suing on the judgment than the fact that it remains unpaid.") Stated otherwise, even if this court reversed the trial court's order declining to vacate the registration of the 2010 Judgment,[1] the Bank would still be able to attempt to collect on the recently affirmed 2022 Judgment. In that way, we are unable to "provide effective relief." Gregoire, 168 Wn.2d at 602.

What is more, Evans Bank stated in their brief that their "future collection efforts in Washington will be based on its registration of the 2022 Idaho Judgment, not its registration and renewal of the Original Idaho Judgment." The Bank confirmed its commitment to not enforce the 2010 Judgment at oral argument. The Bank's counsel stated that "the Bank will be enforcing only the 2022 judgment going forward." D.L. Evans Bank v. Dean, No. 84901-8-I (Nov. 14, 2023), at 11 min., 05 sec., through 11 min., 15 sec., video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023111166/?eventID=2023111166. In turn, the Bank argued that "the mootness argument . . . does away with everything related to the challenges to the 2010 registration.]" Wash. Ct. of Appeals oral argument, supra at 11 min., 30 sec., through 11 min., 45 sec. When asked whether those assurances resolved his client's concerns with the Bank's commitment to only pursue the 2022 Judgment,

---

[1] Dean clearly states that the following is the relief he seeks: vacatur, not of the 2010 default judgment itself, but of the registrations and renewal in Washington.

Dean's counsel stated: "I got my answer." Wash. Ct. of Appeals oral argument, supra at 15 min., 35 sec., through 15 min., 40 sec.[2]

Thus, the parties agree that, with some qualification to be addressed below, the 2010 judgment will no longer be the subject of any enforcement action, which is the purpose of the Washington registration and renewals, rendering any dispute about the trial court's decisions moot.

In his reply brief, Dean presents at least three arguments against mootness. First, he argues the 2022 Judgment is actually invalid as the underlying 2010 Judgment is not valid. After that brief was filed, the Idaho Supreme Court conclusively rejected the premise of that argument, at least under Idaho law, in holding that "Dean has failed to demonstrate that the 2010 Judgment is void."[3]

---

[2] Dean's counsel was responding to the below exchange which occurred prior to the Bank's arguments:

> THE COURT: They've agreed that, I believe, that they will not seek to enforce the 2010 judgment which is the subject of this appeal.
> DEAN'S COUNSEL: *If you ask my opposing counsel the same exact question, and he says yes* and therefore we're not going to pursue the Voidable Transfers Act ["UVTA"] that is pending pursuant to the 2010 judgment, *then you're right*.

D.L. Evans Bank v. Dean, No. 84901-8-I (Nov. 14, 2023), at 6 min., 45 sec., through 7 min., 06 sec., video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023111166/?eventID=2023111166 (emphasis added). We will address the UVTA claim below.

[3] At oral argument, Dean's counsel asked this court, if we found this matter was moot, to "please leave room for that argument for the 2010 judgment being void to be asserted. Because they're not going to assert the 2010 judgment, ok. But we should still have the right to bring that as an issue with respect to the 2022 judgment." Wash. Ct. of Appeals oral argument, supra at 17 min., 55 sec., through 18 min., 20 sec. In other words, Dean appears to wish to argue later that "the 2022 judgment which is a judgment on a judgment, that'd be a judgment on a void judgment, it wouldn't have any weight either," apparently under Washington law.

<u>Dean</u>, slip op. at 14.

Second, Dean alleges the Bank is attempting to evade Washington law by "brazenly impl[ying] that it is also not bound by RCW 6.17.020(7) that prohibits any enforcement action on any judgment beyond 20 years from the date the judgment was originally entered." This argument appears to assert some procedural inconsistency with, or legal impediment under, Washington law, which he claims should prevent the enforcement in Washington of this "completely new" judgment. <u>Jones</u>, 154 Idaho at 67. That argument here is not well articulated or fairly briefed and, fatally, not fully factually or procedurally developed. <u>Christian v. Tohmeh</u>, 191 Wn. App. 709, 728, 366 P.3d 16 (2015) ("[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit appellate review."). We do not know what the parties will say of that argument on the facts that will be more fully developed, or how a trial court would rule on that claim. Those issues, if pursued, will be the subject of a separate, now *ongoing* suit. Thus, they are not properly before us at this time.

Third, Dean claims the Bank is still actively utilizing the 2010 Judgment as a sword; specifically, that the Bank used the 2010 Judgment to obtain a charging order against Dean,[4] and is basing its claims on the 2022 Judgment in an ongoing

Wash. Ct. of Appeals oral argument, <u>supra</u> at 16 min., 25 sec., through 16 min., 35 sec. This question is simply not before us and will not be considered.

[4] The record contains many references to a 2017 charging order entered against Dean's interest in BGH Holdings. However, Dean's reply brief only generally alluded to a "2011" charging order and did not provide a direct citation to the record. The appellate record does not appear to include the actual charging order, be it from 2011 or 2017. Even so, we are not obligated "to comb the record" where counsel has failed to challenge specific findings and support arguments with

federal suit.[5]  Reply Br. of App. at 4-5.

Indeed, the Bank is still pursuing claims under Washington's Uniform Voidable Transfers Act ("UVTA") in federal court.  Under the UVTA, a creditor can seek to void transfers "whether the creditor's claim arose before *or after* the transfer was made or the obligation was incurred[.]"  RCW 19.40.041(1) (emphasis added).  Here, the Bank seeks an "'injunction against *further* disposition[s] by [Dean] or a transferee, or both, of the asset[s] transferred or of other property[.]'"  As the relief sought is injunctive-only, i.e., forward looking and seeking to maintain the status quo ante, and does not seek to enforce that past judgment, it is not inconsistent with the Bank's commitment to not enforce the 2010 Idaho Judgment to maintain that suit.

In short, the 2022 Judgment has displaced the 2010 Judgment.  As such, this court cannot afford effective relief to Dean and the 2010 Judgment has been rendered moot.  For these reasons, we need not reach the merits of any arguments concerning the validity of the 2010 or 2022 Judgments under Washington law, any resulting past or future registrations, or any past or future enforcement actions therefrom.

B.    Issues of Continuing and Substantial Public Interest

_____

citations to the record.  In the Matter of Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998).  Thus, we will not consider this portion of this argument further.
[5] Dean filed suit in the U.S. District Court for the Western District of Washington in September 2018, bringing constitutional claims under 42 U.S.C. § 1983 and allegations of unjust enrichment and conversion.  The Bank filed numerous counterclaims including a request for injunctive relief under the UVTA regarding allegedly fraudulent stock transfers by Dean.  All of Dean's claims were dismissed except for those under § 1983.  The Bank has a pending motion for summary judgment on its UVTA claims.

Generally, this court does not review a moot case. Westerman v. Cary, 125 Wn.2d 277, 287, 892 P.2d 1067 (1994). However, this court still may review a moot case if it presents issues of continuing and substantial public interest. Id. In deciding if a case presents issues of continuing and substantial public interest:

> Three factors in particular are determinative: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. A fourth factor may also play a role: the level of genuine adverseness and the quality of advocacy of the issues. Lastly, the court may consider the 'likelihood that the issue will escape review because the facts of the controversy are short-lived'.

In the Matter of Marriage of Horner, 151 Wn.2d 884, 891-92, 93 P.3d 124 (2004) (quoting Westerman, 125 Wn.2d at 286-87).

Dean did not address any of these factors or argue in any rigorous way that, even if enforcement of the 2010 Judgment is moot, we should hear these matters. We hold that this case does not present issues of continuing and substantial public interest according to the five Westerman factors.

All three of the determinative factors weigh against hearing the case. As to the first two factors, Dean's motion concerns collection efforts stemming from a defaulted loan for private real estate development. This action would provide little public guidance as it is a purely private dispute between private actors. As such, neither factor weighs in favor of hearing the case. As to the third factor ("whether the issue is likely to recur"), litigation on the 2010 Idaho Judgment has occurred in both state and federal courts. However, again, Evans Bank has committed to not taking any further enforcement actions using the 2010 Idaho Judgment and the Idaho Supreme Court issued an opinion holding that "Dean has failed to

demonstrate that the 2010 Judgment is void." <u>Dean</u>, slip op. at 14. As such, the enforceability under Washington law and the validity under Idaho law of the 2010 action does not seem likely to reoccur. Thus, this factor also does not weigh in favor of hearing the case.

As to the fourth factor ("the level of genuine adverseness and the quality of advocacy of the issues"), Dean's arguments concerning the validity of the underlying the 2010 Idaho Judgment have been extensively litigated in Idaho's courts. And, the parties here have now presented arguments specific to Washington law regarding the registration of the 2010 Judgment. However, the parties have not briefed the remaining arguments as to the enforceability of the 2022 Judgment under Washington law. As such, this factor does not weigh in favor of hearing the case.

As to the final factor ("likelihood that the issue will escape review because the facts of the controversy are short-lived"), this matter has been ongoing for well over a decade, with the original Idaho case having been filed in 2009. While the superior court did not expressly decide all issues surrounding the Washington registration, it still heard extensive argument from the parties on some of the key issues related to the 2010 registration and would hear, if presented, all issues related to the 2022 Judgment and its registration. This case also does not present transitory or temporary circumstances like those seen in other cases. <u>See</u> <u>Horner</u>, 151 Wn.2d at 893 ("relocation cases are likely to evade review because circumstances leading to relocation are frequently temporary in nature"); <u>see also</u> In the <u>Matter of Custody of A.N.D.M.</u>, 26 Wn. App. 2d 360, 372, 527 P.3d 111

(2023) ("many SIJS-eligible children are teenagers who will turn 18 years old before any case could make it through the appeals process"). As such, this case does not present issues that either have escaped review or are short-lived.

### III.    CONCLUSION

We hold this case is rendered moot as Evans Bank committed to not using the 2010 Idaho Judgment for future collection efforts. As such, we need not reach the merits of any argument on the validity of the 2010 Idaho Judgment. Affirmed.

Díaz, J.

WE CONCUR:

Feldman, J.

Mann, J.